**Marty DAVIS, et al., Plaintiffs,**

v.

**AMERICAN GENERAL GROUP INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. 90–AR–0420–S.**

United States District Court, N.D. Alabama, S.D.

March 12, 1990.

On Motion to Reconsider March 22, 1990.

Francis R. Farish, Jr., Key & Siniard, Birmingham, Ala., for plaintiffs.

Charles D. Stewart, Spain Gillon Grooms Blan & Nettles, Birmingham, Ala., J. Knox Argo, Montgomery, Ala., and Lee R. Benton, Schoel Ogle Benton Gentle & Centeno, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

On March 7, 1990, the above-entitled cause was removed to this court from the Circuit Court of Jefferson County, Alabama, by American General Group Insurance Company and the other served defendants. The basis upon which defendants have attempted to invoke the jurisdiction of this court under 28 U.S.C. § 1331 is the existence of a federal question.

■ Defendants contend that the state court action which was brought by Marty Davis and Pamela Ann Davis is governed by the Employee Retirement Income Security Act of 1974 (ERISA), over which federal courts have original jurisdiction. Defendants have appropriately filed a copy of the state court complaint with their notice of removal. Nowhere in their state court complaint do plaintiffs invoke or even mention ERISA. Rather, plaintiffs purport to state only claims arising under the law of Alabama. Significantly, American General, simultaneously with the removal, filed in this court a motion to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. *Inter alia,* it asserts:

"The Complaint fails to state a claim under ERISA." This constitutes a concession of a lack of "federal question" jurisdiction. This court AGREES with American General, perhaps judicially estopping it from retreating from an assertion which may or may not have been an inadvertence.

■ This court is not convinced that, if given the opportunity, the Eleventh Circuit would agree with the Third Circuit's expression in *Allstate Insurance Co. v. The 65 Security Plan,* 879 F.2d 90 (3rd Cir. 1989), wherein the Third Circuit held that the fact that an insurer can claim an ERISA preemption defense does not, in and of itself, permit the removal of an action which on its face does not present a federal claim. In *Allstate,* the Third Circuit discussed the "well-pleaded complaint" rule and said:

Thus, the plaintiff is master of its own claim and can choose to keep its case in state court if its well-pleaded complaint does not affirmatively rely on federal law.

*Id.* at 93.

This well describes the complaint of Marty Davis and Pamela Ann Davis. Of course, the Third Circuit fully recognized the exception for cases in which there is "complete preemption," an esoteric concept which the Third Circuit found not applicable in *Allstate,* and which is not applicable here, in that state courts most assuredly have concurrent jurisdiction under ERISA.

The removal problem here is exacerbated by the fact that the Supreme Court of Alabama, and several other state courts, seem to disagree with the Eleventh Circuit as to whether or not causes of action

against employers and insurers under state law, even with some indirect ERISA connection, are completely wiped out by ERISA and cannot survive even in the form of transmogrified federal remedies. This is a matter of hot debate among state and federal courts. Compare *HealthAmerica v. Menton*, 551 So.2d 235 (Ala.Sup.Ct. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990); *Bricker v. Maytag Co.*, 450 N.W.2d 839 (Iowa Sup.Ct. 1990); *Castillo v. Neely's TBA Dealer Supply, Inc.*, 776 S.W.2d 290 (Ct.App. 1st Dist.Tex.1989); and *Blue Cross and Blue Shield of Maryland v. Weiner*, 543 So.2d 794 (Fla.Ct.App. 4th Dist.1989), with *Amos v. Blue Cross–Blue Shield of Alabama*, 868 F.2d 430 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989). In *Amos*, the Eleventh Circuit concluded its opinion with this cry for help:

> We acknowledge that by eliminating the possibility that insurance companies may be liable for punitive or extra-contractual damages, the courts are removing an historical disincentive to insurance company behavior. Consequently, our decision may produce unintended results. However, any change in the law's course will have to be charted by the Congress or the Supreme Court.

*Id.* at 433.

The Committee on Education and Labor of the United States House of Representatives responded, if not directly to the *Amos* court, to courts in general, by publishing the following explanation for certain proposed Congressional action for ERISA reform:

> In recent years, the Committee has received numerous complaints and inquiries from Members of Congress and their constituents about improper denials of medical claims, improper denials of continuation coverage, or unreasonable delays in processing claims by employers or insurers. Participants in ERISA-covered employee benefit plans that have been treated in this manner are concerned that the Supreme Court's interpretation of ERISA (particularly as articulated in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)) as preempting state laws that authorize punitive or other extracontractual damages in connection with claims for benefits effectively deprives them of legal recourse. The Committee shares their concern.

> In *Pilot Life*, the Supreme Court held that state common law claims against an insurance company for breach of contract and bad faith arising out of an improper denial of disability benefit claims under an ERISA-covered plan were preempted. In addition, the Supreme Court declined to fashion a Federal common law remedy for improper processing of benefit claims, holding that ERISA's civil enforcement provisions under section 502 were intended to be the exclusive remedies afforded to plan participants and beneficiaries. The Committee disagrees with this latter conclusion.

> The Committee believes that the legislative history of ERISA and subsequent expansions of ERISA support the view that Congress intended for the courts to develop a Federal common law with respect to employee benefits plans, including the development of appropriate remedies, even if they are not specifically enumerated in section 502 of ERISA. Since the issue of preemption and civil remedies under ERISA is within the exclusive purview of the labor committees of Congress, the Committee has, over the years, considered the option of amending the statute to encompass specifically several additional remedies. In light of the legislative history on this issue, however, the Committee believes such action is unnecessary.

> *The Committee reaffirms the authority of the Federal courts to shape legal and equitable remedies to fit the facts and circumstances of the cases before them, even though those remedies may not be specifically mentioned in ERISA itself.* In cases in which, for instance, facts and circumstances show that the processing of legitimate benefit claims has been unreasonably delayed or totally disregarded by an insurer, an employer, a plan administrator, or a plan, *the Com-*

*mittee intends the Federal courts to develop a Federal common law of remedies, drawing upon principles enunciated in state law,* including such remedies as the awarding of punitive and/or compensatory damages against the person responsible for the failure to pay claims in a timely manner.

(emphasis supplied).

Report of the Committee on the Budget, House of Representatives, 101st Congress, 1st Session, to accompany H.R. 3299, p. 55–56.

It would be an intolerable anomaly for plaintiffs in this case to choose a forum which fully recognizes one or more remedies they seek (*HealthAmerica* ), only to be forcibly transferred to a court which recognizes no such remedies, making the outcome predictably different in the two courts. This anomaly is compounded by the rule that a transferee forum is bound to apply the law of the transferor forum insofar as it can possibly be applied, even to the extent of applying the statute of limitations of the original forum. *Albert J. Ferens, et ux. v. John Deere Co.,* —— U.S. ——, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).

This court's dilemma, if it has one, can be resolved only by a remand of this case. This was the solution reached in a similar situation by the United States District Court for the Central District of California, affirmed in *Hansen v. Blue Cross of California,* 891 F.2d 1384 (9th Cir.1989), with which this court agrees. There the Ninth Circuit said, *inter alia:*

> Remand orders under 28 U.S.C. § 1447(c) are immune from appellate review.

A separate, appropriate order will be entered.

### ON MOTION TO RECONSIDER

The court has received a purported motion by American General Group Insurance Company to reconsider the remand order entered by this court on March 12, 1990. Apparently, American General is unfamiliar with this court's lack of jurisdiction to consider such a motion after remand. *See Seedman v. U.S. Dist. Court for Cent. Dist. of California,* 837 F.2d 413 (9th Cir.1988); *New Orleans Public Service, Inc. v. Majoue,* 802 F.2d 166 (5th Cir.1986); *City of Valparaiso, Ind. v. Ironworkers Local No. 395,* 118 F.R.D. 466 (N.D.Ind.1987). For this reason, the court must DECLINE to consider the purported motion.