Mark **DELLER**, Dale Halm, Wayne Hanville, Werner Stork, and Jack Warren, Plaintiffs,

v.

**PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation, Defendant.**

Civ. No. 90–117–FR.

United States District Court, D. Oregon.

April 3, 1990.

Timothy J. Vanagas, Jennings, Vanagas & Lowe, Gresham, Or., for plaintiffs.

William B. Crow, Bruce A. Rubin, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant, Portland General Electric Company (PGE), to dismiss the complaint (# 4).

## BACKGROUND

The plaintiffs, Mark Deller, Dale Halm, Wayne Hanville, Werner Stork and Jack Warren, are former employees of PGE who voluntarily elected to leave the employ of PGE in 1987 when their jobs were eliminated by a reduction in force (RIF) program. PGE's pension plan was amended effective January 1, 1988. The amended plan provides enhanced pension benefits to those employees who were on the payroll of PGE as of January 1, 1988.

Plaintiffs allege that PGE purposely delayed the implementation of the amended plan until after they were terminated in order to ensure that they would not receive the enhanced pension benefits, and that this was a breach of PGE's duty to them of good faith and fair dealing; that before they elected to leave the employ of PGE, they inquired whether there were any pending revisions to the pension plan, but were told that no revisions were pending; and that they were mistakenly and negligently told that they would be eligible for any enhanced benefits which were later declared.

Plaintiffs first filed suit in this court in the case entitled *Deller v. Portland Gen. Elec. Co.*, 727 F.Supp. 1369 (D.Or.1989), alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* That action was dismissed for failure to state a claim under ERISA. Subsequently, plaintiffs filed this action in the Circuit Court of the State of Oregon for the County of Multnomah. PGE removed the action to this court.

## ANALYSIS AND RULING

### 1. *ERISA Preemption*

PGE moves to dismiss the complaint on the grounds that plaintiffs' claims for breach of the covenant of good faith and fair dealing and for negligent misrepresentation reallege the same conduct upon which the first action was based, and that plaintiffs' claims are preempted by ERISA.

Plaintiffs respond that their claims are not preempted by ERISA because, although their claims involve a pension benefit program, the gist of their claims is misrepresentation and unfair dealing.

ERISA states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "State law" is defined as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

The Ninth Circuit has held that ERISA preempts any state claims that "relate" to ERISA, so long as the relationship is not too tenuous, remote or peripheral. *Nevill v. Shell Oil Co.*, 835 F.2d 209, 212 (9th Cir.1987). In *Nevill*, the plaintiffs were former employees of Shell who worked in the office of Shell in Ventura, California and who lost their jobs when Shell decided to close its Ventura office. The plaintiffs applied for separation benefits under Shell's Special Staff Redundancy Program, an ERISA plan, but Shell determined that the plan did not apply and denied benefits.

The Ninth Circuit held that the plaintiffs' state law claims for breach of contract, breach of the covenant of good faith, and fraud were preempted by ERISA because these claims related to enforcement of a benefit plan. 835 F.2d at 212. The Ninth Circuit also upheld Shell's decision to deny benefits to the plaintiffs under the ERISA plan. *Id.*

In *Scott v. Gulf Oil Corp.*, 754 F.2d 1499 (9th Cir.1985), the Ninth Circuit found that some of the plaintiffs' state law claims for fraud and breach of the covenant of good

faith were preempted by ERISA, while others were not. The plaintiffs were former employees of Gulf's oil refinery in Santa Fe Springs, California. Gulf sold the refinery to Thrifty Oil Corporation and arranged for Thrifty to hire its employees who worked at the refinery. The plaintiffs alleged that Gulf had breached an agreement to pay severance benefits, that Gulf had negotiated terms for their future employment with Thrifty which caused them to lose accrued and prospective benefits, and that Gulf had used coercion and deception to induce the plaintiffs to accept employment with Thrifty.

The court held that the plaintiffs' claims for loss of benefits which had accumulated while they worked for Gulf were preempted because they were no more than claims under an ERISA plan. However, the court held that although the preemptive effect of ERISA is broad, it is not all-encompassing. The court ruled that the claims for prospective benefits were not preempted by ERISA. 754 F.2d at 1504–05. In so ruling, the court found that the plaintiffs did not allege the violation of duties created by a welfare plan, but rather that Gulf's tortious actions prevented the existence of such a plan in the plaintiffs' employment with Thrifty. The court found that the issues raised by the state law claims were no different from the issues that would be raised by a claim that Gulf conspired with Thrifty to force the plaintiffs to accept lower wages, a claim that would not be preempted by ERISA. *Id.* at 1505.

The *Scott* court relied on the decision in *Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group*, 721 F.2d 654 (9th Cir.1983), in which an employee brought an ERISA action alleging that his employer fraudulently induced him to waive his right to participate in a pension plan. The court held that the plaintiff could not maintain an action under ERISA because he was not a participant or beneficiary of the plan. 721 F.2d at 656. The court indicated that although the plaintiff might have been entitled to receive damages under the state law of fraud, such damages were not in themselves a benefit under an ERISA plan. *Id.*

Applying these decisions to the allegations in this case, the court concludes that plaintiffs' state law claims are not preempted by ERISA. The gist of plaintiffs' claims is that plaintiffs were prevented from being participants of the plan, and therefore they were prevented from being eligible for enhanced benefits, by PGE's misrepresentations and breach of the covenant of good faith. As the Ninth Circuit recognized in *Scott*, it is not the label attached to a state law claim which determines whether it is preempted, but whether the state law claim is, in essence, a claim for ERISA benefits.

The scope of federal preemption is not restricted by the fact that it may leave certain plaintiffs without a remedy. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391, 107 S.Ct. 2425, 2429 n. 4, 96 L.Ed.2d 318 (1987). However, it would be contradictory to rule that state law claims are preempted where the court has already held that the same plaintiffs may not assert a claim under ERISA because they are not "participants" in the ERISA plan. This court reached the same result in *McNeely v. Weyerhaeuser Co.*, Civil No. 88–927–JU, 1988 WL 121245 (J. Frye, Nov. 9, 1988) (action for negligence not preempted by ERISA where the court previously found that the plaintiff was not a participant under an ERISA plan). Therefore, the court finds that plaintiffs' state law claims are not preempted by ERISA.

### 2. *Failure to State a Claim*

■■■ PGE contends that the claims for breach of the covenant of good faith and fair dealing and for negligent misrepresentation fail to state a claim for relief under the laws of the State of Oregon.

Plaintiffs argue that if the court determines that their claims are not preempted by ERISA, the court should remand this action to state court without considering whether the complaint is adequate under the laws of the State of Oregon, as there would be no basis for federal question or diversity jurisdiction.

PGE replies that this court has acquired considerable familiarity with this litigation,

in the previous case and this one, and that the court should exercise its discretion to retain pendant jurisdiction and rule on the issues regarding the state law claims.

PGE removed this action to federal court on the basis of federal question jurisdiction, namely that plaintiffs' state law claims are preempted by ERISA. The court's ruling that the claims are not preempted by ERISA leaves the court with the discretion to retain pendant jurisdiction or to remand the case to state court. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1430 (9th Cir.1984). As this case is not advanced toward trial, and as the claims concern issues of state law which have not been resolved by the courts of the State of Oregon, the court finds that this case should be remanded to state court.

## CONCLUSION

PGE's motion to dismiss the complaint (# 4) is denied. The Clerk is directed to remand this case to the Circuit Court of the State of Oregon for the County of Multnomah for further proceedings.