**Thomas E. BRYANT, Jr., as Conservator over the Estate of Ian Douglas Brannan, a minor, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA, Defendant.**

**Civ. A. No. 90–AR–2179–S.**

United States District Court, N.D. Alabama, S.D.

Nov. 23, 1990.

Clarence M. Small, Jr., Rhonda K. Pitts, Rives & Peterson, Birmingham, Ala., Bruce E. Mitchell, Atlanta, Ga., for plaintiff.

Cathy S. Wright, James Moody Proctor, II, Jayna Jacobson Partain, Maynard Cooper Frierson & Gale, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

ACKER, District Judge.

Thomas E. Bryant, Jr., who sues in his capacity as conservator over the estate of Ian Douglas Brannan, a minor, has asked this court to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, from whence it was removed by defendant, Blue Cross and Blue Shield of Alabama.

■ Blue Cross' notice of removal was based upon its bare-bones contention that the "action will be governed by the provisions of the Employee Retirement Income Security Act ('ERISA'), 29 U.S.C. § 1001, *et seq.*", and the trailing allegation that the case was removable pursuant to 28 U.S.C. § 1331 because it presents a federal question.

The original complaint neither mentions ERISA nor invokes any other federal statute. It nowhere mentions a constitutional provision or a treaty, the other matters as to which § 1331 provides access to a federal court. To the contrary, the complaint simply alleges that the child, Brannan, is the victim of a garden variety Alabama fraud perpetrated by Blue Cross upon Byrd Construction Services, Inc., and indirectly upon Brannan. More specifically, plaintiff charges that Blue Cross represented to Byrd Construction that the medical benefits coverages under a new group policy proposed by Blue Cross would be the same as under an existing policy written by another insurer to cover the same group. Plaintiff next alleges that the said representation induced a switch of the coverage to Blue Cross. Plaintiff concludes with the allegation that Brannan requires a very expensive rehabilitation program for a brain injury, and that while the former group policy would have paid for these needed medical services, the Blue Cross policy will not.

■ The notice of removal contains no allegation of *fact*, verified or otherwise, to reflect that the previous policy or the substitute policy issued by Blue Cross is governed by ERISA. As already pointed out, defendant's original allegation of ERISA governance takes the form of a bare legal conclusion. Only after plaintiff filed his motion to remand did Blue Cross file an affidavit with attachments which, for the first time, provides evidence arguably indicating that the Blue Cross contract for group health benefits constitutes an ERISA "plan". *Inter alia*, this affidavit asserts that all premiums for the Blue Cross coverage were paid by the employer, Byrd Construction. However, there are a number of unexplored factual matters which bear on whether or not ERISA actually applies to this controversy. A removal based on the existence of a federal question must allege all facts essential to the existence of that federal question. The existence of a federal question cannot be left to mere speculation. *See Jordan v. Reliable Life Ins. Co.*, 694 F.Supp. 822 (N.D.Ala.1988); *Clark v. Golden Rule Ins. Co.*, 737 F.Supp. 376 (W.D.La.1989); *Mutual Life Insurance Co. of N.Y. v. Kanakis* (Calif.Ct.App. 4th Dist.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 308, 112 L.Ed.2d 261 (1990); *Brady v. Empire Blue Cross/Blue Shield*, 732 F.Supp. 678 (W.D. La.1990). In other words, even if Blue Cross' post-removal affidavit can be considered by the court, Blue Cross has not adequately demonstrated a factual basis for ERISA application. It still leaves crucial "i's" undotted and "t's" uncrossed.

In its brief opposing remand, Blue Cross understandably disagrees with this court's opinion in *Davis v. American General Group Ins. Co.*, 732 F.Supp. 1132 (N.D.Ala. 1990), even though Blue Cross' case can be distinguished from *Davis*. Blue Cross does not discuss this court's opinion in *Wright v. Sterling Investors Life Ins. Co.*, 747 F.Supp. 653 (N.D.Ala.1990), *mandamus denied*, a case closer on its facts than is *Davis* to this case. This court sees no reason to retreat either from *Davis* or from *Wright.*

Blue Cross is correct in pointing out that the Supreme Court of Alabama in *HealthAmerica v. Menton*, 551 So.2d 235 (Ala. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990), which held that a cause of action identical to this one is not preempted by ERISA, is in sharp disagreement with the Eleventh Circuit in *Farlow v. Union Central Life Ins. Co.*, 874 F.2d 791 (11th Cir.1989). *See Mullenix v. Aetna Life & Casualty*, 912 F.2d 1406, 1412, n. 7 (11th Cir.1990). The agony over the differences of opinion represented by *Menton* and *Farlow* are carefully explored in *Isaac v. Life Investors Ins. Co. of America*, 749 F.Supp. 855 (E.D.Tenn.1990), an interesting case which began in an Alabama state court, was removed to this court and transferred by it to the District Court for the Eastern District of Tennessee. Before discussing the preemption question, the *Isaac* court said, undoubtedly with a sigh of relief, that it "need not address whether raising federal preemption under ERISA law alone would be a sufficient basis for removal". *Id.* at ——. It was able to say this because the action had been properly removed on the basis of diversity of citizenship. It faced a true anomaly arising from the fact that the Sixth Circuit, there the binding appellate court, agrees with *Menton* rather than with *Farlow*. After some intellectual struggling, the *Isaac* court finally reached the conclusion that plain and simple Alabama fraud causes of action against a group insurer were not "preempted" by ERISA. Similarly, in *Deller v. Portland General Elec. Co.*, 734 F.Supp. 916 (D.Or. 1990), the District Court for the District of

Oregon held that a complaint charging misrepresentation filed in an Oregon state court was not "preempted" by ERISA and therefore was due to be remanded. This court cites *Isaac* and *Deller* not as binding precedent but as illustrations of the continuing widely divergent judicial views on the concept of ERISA "preemption".

The fact that *Menton* and *Farlow* cannot be reconciled except by the Supreme Court of the United States, which denied certiorari in *Menton*, does not lead this court to believe that it was incorrect in *Davis* or *Wright* when it remanded those cases, both of which had originally been brought under state law in a state court. If anything, this conflict between the Supreme Court of Alabama and the Eleventh Circuit over ERISA "preemption" calls for an extra measure of restraint by a district court in Alabama when it is called upon to examine its removal jurisdiction in a case in which the conflict between *Menton* and *Farlow* becomes quickly apparent.

Possibly the Supreme Court of the United States in one of the two ERISA cases in which it has granted certiorari will explain the breadth and meaning of ERISA "preemption" as "preemption" bears on the question of the removability of a state action, which, if the well-pleaded complaint rule is applied, does not implicate ERISA; more particularly, a removal in which the removing party does not spell out in its removal papers any factual basis for ERISA application is much less a basis for complete "preemption". This court *will not await* the *Supreme Court's decisions* in *FMC Corp. v. Holliday*, 885 F.2d 79 (3rd Cir.1989) or in *Ingersoll–Rand Co. v. McClendon*, 779 S.W.2d 69 (Tex.Sup.Ct. 1989) because the Supreme Court may not use either case to answer the pregnant questions. A better vehicle would be *Lister v. Stark*, 890 F.2d 941 (7th Cir.1989), which has been pending in the Supreme Court on a certiorari petition since February 21, 1990.

Besides the *Deller* court and this court, there are other district courts in the United States which have scrutinized their removal jurisdiction in an alleged ERISA "preemp-

tion" case and found removal improvident. One of these is the District Court for the Western District of Pennsylvania, which recently wrote a thorough opinion in *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa. 1990), wherein it said:

> This action for damages was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. Both defendants removed the case to the United States District Court. 28 U.S.C. § 1441(a). Plaintiff has moved for remand. Because the court lacks jurisdiction to entertain this claim, it will be remanded to the state court. Id. § 1447(c).

> \*     \*     \*     \*     \*     \*

> Broadly stated, plaintiff's complaint, as amended, contends that the defendants' failure to grant precertification, in contradiction to the terms of the insurance plan, effectively prevented Weiss from receiving the potentially life saving heart-lung transplant. As a direct result, during his lifetime, Weiss suffered unnecessary pain and inconvenience and eventually he died. Plaintiff's claim is advanced in four counts. The first is breach of contract contending that Blue Cross's denial of Weiss's request for precertification breached the contract of insurance. Count II is for violation of the Pennsylvania Unfair Insurance Practices Act. 40 P.S. §§ 1171.1–1171.15. Count III is a survival action for fraud, 42 Pa.C.S.A. § 8302; and Count IV is for wrongful death under the Pennsylvania wrongful death statute. 42 Pa.C.S.A. § 8301.

> Each of the defendants removed the action to the Western District court contending that the plaintiff's purported claims for relief are cognizable only under the Employee Retirement Income Security Act ("ERISA" or "Act"), 29 U.S.C. § 1001, *et seq.*, and that plaintiff's state law claims are preempted by ERISA. Thus, the claims present a federal question under the provisions of 28 U.S.C. § 1441(b).

> \*     \*     \*     \*     \*     \*

Instantly, plaintiff's complaint sounds purely in Pennsylvania law, language, and theories of recovery. It neither expressly advances nor impliedly suggests a federal cause of action. Accordingly, under the well pleaded complaint rule, there is no basis for federal jurisdiction. Blue Cross urges a contrary result. Specifically, Blue Cross argues that plaintiff's claim is one to determine whether defendants have improperly processed a claim for benefits under an insured employee benefit plan and that such actions are preempted by the provisions of ERISA. 29 U.S.C. § 1132. Thus, Blue Cross contends this court has jurisdiction because plaintiff's claim presents a federal question within the meaning of 28 U.S.C. § 1331, and, therefore, removal was appropriate.

In support of their position, defendants rely on *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), wherein the Supreme Court held that state common law causes of action asserting improper processing of a claim for benefits under an ERISA regulated employee benefit plan "relate to" the plan and are preempted by the Act. In a contemporaneous decision, however, the Court made clear that federal preemption is a defense to state law claims. The Court stated, "[A]s a defense it does not appear on the face of a well-pleaded complaint and therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1986) (quoting *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96 [81 L.Ed. 70]). In other words, simply because a state law claim is subject to a preemption defense does not somehow convert the state law claim into a federal question within the meaning of 28 U.S.C. § 1331. The well-pleaded complaint rule remains in effect even when faced with an ERISA preemption defense. *Metropolitan Life v. Taylor*, 481 U.S. at 63, 107 S.Ct. at 1546. See also *Allstate Ins. Co. v. 65 Security Plan*, 879 F.2d 90, 93 (3d Cir. 1989) ("[T]he fact that the [defendant]

may have a[n] [ERISA] preemption defense does not alone permit removal.").

Yet, in *Metropolitan Life Ins. Co.*, the Supreme Court also recognized that an exception to the well-pleaded complaint rule is found where Congress has so completely preempted a particular area, that "any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan*, 481 U.S. at 63–64, 107 S.Ct. at 1546. The court further determined that since plaintiff's suit in *Metropolitan* was to recover benefits from the covered plan, it fell directly under section 502(a)(1)(B) of ERISA which provides the exclusive private civil cause of action for resolution of such disputes.

\* \* \* \* \* \*

Our reading of the above-referenced authorities leads us to conclude that simply finding that a state cause of action is subject to a federal preemption defense does not, in and of itself, authorize removal to the federal court. But, additionally, we must determine whether the claim asserted here is one of those "select group of claims" which Congress intended to fall within ERISA's exclusive civil enforcement provisions as set forth in section 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B).

\* \* \* \* \* \*

In *Allstate Ins. v. 65 Security Plan*, the court held that complete preemption will support removal jurisdiction only when two circumstances are present: 1) the enforcement provisions of the federal statute create a federal cause of action vindicating the same interests that the plaintiff's state cause of action seeks to vindicate; and 2) where there is affirmative evidence of a Congressional intent to permit removal despite the plaintiff's exclusive reliance on state law. See *Allstate Ins.*, 879 F.2d at 93. In this case, because the first circumstance is not present, we conclude removal was improper.

This language from *McDonough* comes very close to describing the instant case. It reflects this court's thinking.

There are two Ninth Circuit cases which, in different ways, bear on the issue here under consideration. The most recent is *Whitman v. Raley's, Inc.*, 886 F.2d 1177 (9th Cir.1989), in which the Ninth Circuit affirmed both the denial of an insurance company's motion to dismiss on the ground of ERISA "preemption" and the granting of plaintiff's motion for remand. The Ninth Circuit there said:

A distinction must be drawn between the inquiry the district court faces in considering whether a case was properly removed and the inquiry as to whether a preemption defense exists. At the removal stage, the inquiry is solely whether Congress intended a preemptive force so powerful as to displace entirely any state cause of action within the ambit of the federal cause of action. "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Board [of California v. Construction Laborers Vacation Trust for Southern California]*, 463 U.S. [1] at 24, 103 S.Ct. [2841] at 2854, 77 L.Ed.2d 420.

This jurisdictional issue of whether "complete preemption" exists is very different from the substantive inquiry of whether a "preemption defense" may be established. The jurisdictional question concerning "complete preemption" centers on whether it was the intent of Congress to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims. The latter inquiry, concerning a "preemption defense," is a substantive inquiry as to whether a legal defense exists. This would be a matter for trial by a court having jurisdiction. The possible existence of a "preemption defense" does not justify removal. The Court stated in *Metropolitan Life*:

[T]he touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress.

Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction.

107 S.Ct. at 1548.

On a remand petition where the removal petition is based on complete preemption, the sole issue before the district court is whether the plaintiff's claim is one of those claims that is "completely preempted" by federal law. If the court rules that the claim is not "completely preempted," the federal court lacks jurisdiction to rule on the substantive preemption defense.

A remand based on lack of "complete preemption" is a remand required by 28 U.S.C. § 1447(c), which states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When a case is remanded on the ground that the federal court is without jurisdiction pursuant to section 1447(c), the remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976).

The symmetry of this procedural approach is significant. Generally the plaintiff is master of his or her complaint. If only state law claims are pleaded, generally, it remains a state court matter without a right of the defendant to remove to federal court even though a federal preemption defense is asserted. However, there are those exceptional circumstances when a plaintiff's cause of action is one that Congress has evidenced an intent of such strong preemptive power in an area that removal is permitted on the basis of "complete preemption," even though the plaintiff has "artfully pleaded" the claims in the complaint so as to plead only state claims. If the defendant seeks to remove the action on that ground, the plaintiff may test the ground on a remand petition. Then the issue before the federal district is whether plaintiff's claim is one that is "completely preempted." If it is, then the federal court has jurisdiction and, of course may proceed to rule on the substantive defense of preemption. If the federal court rules that the claim is not "completely preempted," then the federal court has no jurisdiction to rule on a substantive defense and remand is required. The substantive defense of preemption is then a matter for the state court to determine as a part of the trial proceedings. The federal court's ruling on "complete preemption" has no preclusive effect on the state court's consideration of the substantive preemption defense. This is, of course, particularly appropriate because the jurisdictional decision of lack of complete preemption is insulated by section 1447(d) from appellate review.

*Id.* at 1180, 1181.

The Ninth Circuit had earlier expanded on this theme in *Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir.1984), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985), which involved the Carmack Amendment rather than ERISA, but in which the "preemption" problem was resolved with consummate skill and logic:

> [A] state-law claim may be recharacterized as a federal claim only when the state-law claim is preempted by federal law *and* when it is apparent from a review of the complaint that federal law provides plaintiff a cause of action to remedy the wrong he asserts he suffered.
>
> \* \* \* \* \* \*
>
> [*R*]*emoval is improper when federal law simply displaces state law without replacing the state cause of action with a federal one. When federal law displaces state law without supplanting it, a plaintiff cannot be deemed to be attempting to avoid a federal cause of action; there is no federal cause of action to avoid. In such a case federal preemption operates only as a defense.*

*Id.* at 642–43 (emphasis supplied).

This approach to the removability of the class of alleged federal question cases to which the instant case belongs is both fair and reasonable. If and when the Supreme Court clearly holds that ERISA's implied federal common law provides substantially

the same remedies as those previously available under state law, the removability analysis may lead this court, and the other courts above quoted, in an entirely different direction. The Eleventh Circuit more than acknowledged this future possibility in *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990), in one of Judge Vance's last opinions, as follows:

> Federal courts possess the authority ... to develop a body of federal common law to govern issues in ERISA actions not covered by the act itself.

### Conclusion

Blue Cross here predictably has accompanied its notice of removal with a motion to dismiss pursuant to Rule 12, F.R.Civ.P. This reminds the court of the following expression from *LaBuhn v. Bulkmatic Transport Co.*, 644 F.Supp. 942, 948 (N.D. Ill.1986), *aff'd* 865 F.2d 119 (7th Cir.1988):

> As is typical of these preemption cases, a removing defendant tows the case into the federal harbor only to try to sink it once it is in port.

Blue Cross' motion to dismiss will travel with the case back to the Circuit Court of Jefferson County, Alabama, to which it will be remanded by separate order. Blue Cross' so-called "preemption" defense will have to float or sink in the state court.