**Anita THOMAS, as Personal Representative of the Estate of Jack W. Robinson, Plaintiff,**

v.

**BURLINGTON INDUSTRIES, INC., Provident Life and Accident Insurance Company, and Voluntary Employee Beneficiary Association, Defendants.**

**No. 91–8267–CIV.**

United States District Court, S.D. Florida.

May 24, 1991.

**1572**

Karen J. Valente of Jordan & Stinson, P.A., West Palm Beach, Fla., for plaintiff.

Laura H. Roberts of Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, Fla., for defendants.

## ORDER REQUIRING ESTABLISHMENT OF ERISA JURISDICTION

PAINE, District Judge.

This matter comes before the court *sua sponte*. Having reviewed the record and the law, the court enters the following order for the reasons set forth hereinafter.

### BACKGROUND

On March 28, 1991, the Plaintiff commenced the above styled action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, seeking relief as a result of Defendants' alleged wrongful cancellation of a group health insurance policy. Shortly thereafter, on May 9, 1991, the Defendants removed the proceeding under 28 U.S.C. § 1446(b) on the ground that this court had jurisdiction, insofar as the Plaintiffs' claims or rights arose under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.

Subsequently, the Defendants filed a Motion to Dismiss or to Strike in which they contend that the Plaintiff's state law cause of action is preempted as the policy at issue is governed by ERISA. In the alternative, the Defendants move to strike the Plaintiff's prayer for non-economic damages, attorneys' fees and trial by jury as they contend that the Act does not provide for such relief.

### EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974

On September 2, 1974, following nearly a decade of examining the nation's private insurance and pension plans, Congress enacted the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. As a predicate for this "comprehensive and reticulated statute," *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980), Congress made detailed findings, codified in 29 U.S.C. § 1001(a), which state that ERISA was enacted because it was found desirable that "safeguards be provided with respect to the establishment, operation, and administration of [employee benefit] plans." Such safeguards were designed to protect employees and their beneficiaries from abuse and mismanagement of funds that had been accumulated to finance various types of employee benefits. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987).

■ In order to bring about uniformity of decisions under the Act, so as to help participants, beneficiaries, and plan administrators predict the legality of proposed actions without the necessity of reference to varying state laws, ERISA preempts "all State laws insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court, reading the Act's preemption clause in context with Congress' goal of creating an exclusive federal enclave for the regulation of benefit plans, has broadly interpreted the "relate to" language of Section 1144(a) as encompassing any state law that has a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Thus, ERISA's scope is so broad that it preempts all state laws falling within its sphere, regardless of whether they conflict with any specific provision of the Act. *Metropolitan Life Ins.*

*Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).[1]

However, in what has come to be known as the "savings clause" of ERISA, 29 U.S.C. § 1144(b)(2)(A), Congress stated that the Act was not intended to supersede state laws which "regulate[ ] insurance," and that the rights of the states to regulate the "business of insurance" is preserved. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The Supreme Court, taking a "common sense view" of the language of the savings clause, has held that three criteria are to be used to determine if a particular practice falls within the Act's reference to the "business of insurance":

> [F]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; *second,* whether the practice is an integral part of the policy relationship between the insurer and the insured; and *third,* whether the practice is limited to entities within the insurance industry.

*Massachusetts,* 471 U.S. at 743, 105 S.Ct. at 2391. (quoting *Union Labor Life Ins. Co. v. Pireno,* 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982)) (emphasis in original).

## EMPLOYEE WELFARE BENEFIT PLAN

■ "Whether an ERISA plan exists is a question of fact," to be determined by the district court. *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449, 1451 (5th Cir.1991); *see Wickman v. Northwestern Nat'l Ins. Co.,* 908 F.2d 1077, 1082 (1st Cir.1990). In order for a plan to exist under the Act, benefits must be covered by the statute and there must be some sort of procedures implementing the plan. *Tucker v. Employers Life Ins. Co.,* 689 F.Supp. 1073, 1075 (N.D.Alabama 1988). Section § 1002(3) of

Title 29 states that ERISA covers "employee benefit plans," which is defined as either an "employee welfare benefit plan," or an "employee pension benefit plan," or both. An "employee welfare benefit plan" and "welfare plan," in turn, are defined in Section 1002(1) as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or pre-paid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).[2]

Accordingly, by definition, an employee welfare benefit plan requires: (1) a plan, fund or program; (2) established or maintained; (3) by an employer or by an employee organization, or by both; (4) for the purpose of providing medical, surgical hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits; (5) to participants or their beneficiaries. *Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982) (en banc).

Factors (3), (4) and (5) are either self-explanatory or are defined in Section 1002 of the Act. *Id.* The gist of the definitions of employer[3], employee organization[4], benefi-

---

1. Of course those causes of actions which are not preempted by the Act can be maintained in state court or in federal district court if independent jurisdictional grounds exist. *See, e.g., Williams v. Wright,* 927 F.2d 1540, 1550 (11th Cir.1991) (state law claims not preempted by the Act are maintainable separate from ERISA claim).

2. The benefits described 29 U.S.C. § 186(c) include, *inter alia,* "pooled vacation, holiday, severance or similar benefits."

3. The term "employer" is defined in 29 U.S.C. § 1002(5) as any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of

ciary and participant[5] is that a plan, fund, or program falls within the ambit of ERISA only if the plan, fund, or program covers participants because of their employee status in an employment relationship, and an employer or employee organization is the person that establishes or maintains the plan, fund, or program. *Id.*

The remaining two prerequisites: "plan, fund, or program" and "established or maintained" are not so well defined. Although the definition of these terms has proved to be elusive at best, commentators and courts delineate "plan, fund, or program" by synonym-arrangement, as a design, scheme, unitary scheme, program of action, method of putting into effect an intention or proposal. *Id.* at 1373. "At a minimum, a 'plan, fund, or program' under ERISA implies the existence of intended benefits, intended beneficiaries, a source of financing, and a procedure to apply for and collect benefits." *Id.*

 A plan is "established or maintained," or both, if it is in writing, although the Act does not require a formal, written plan. *Id.* This is to prevent employers from avoiding federal regulation by merely failing to memorialize their employee benefit programs in a separate document so designated. *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir.1990). In deciding whether an ERISA plan is established, a court must determine

if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."[6] *Donovan*, 688 F.2d at 1373. No single act in itself, however, necessarily constitutes the establishment of the plan. While the purchase of a group policy covering a class of employees does not conclusively establish a plan, fund or program, it does offer substantial evidence that a plan has been established. *Id.*

Pursuant to authority granted in 29 U.S.C. § 1135, the Secretary of Labor has issued regulations further defining and *excluding* certain group or group-type insurance programs from the umbrella of ERISA coverage. *See generally* 29 C.F.R. § 2510.3–1 (1990). Recently, the Eleventh Circuit in *Williams v. Wright*, 927 F.2d 1540, 1545–48 (11th Cir.1991), applied several of these Department of Labor regulations in resolving whether a particular insurance policy fell within the scope of ERISA. The pertinent regulation, 29 C.F.R. § 2510.3–1(j) (1990), explains that the term "employee welfare benefit plan" does not include a group insurance program offered by an insurer to employees under which:

(1) No contributions are made by an employer or employee organization;

(2) Participation [in] the program is completely voluntary for employees or members;

employers acting for an employer in such capacity.

**4.** "Employee organization" means:
any labor union or any organization of any kind, or any agency or employee representation committee, association, group, or plan, in which employees participate and which exists for the purpose, in whole or part, of dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships; or any employees' beneficiary association organized for the purpose in whole or part, of establishing such a plan.
29 U.S.C. § 1002(4).

**5.** 29 U.S.C. § 1002(8) provides that "beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder," while "participant" is defined in 29 U.S.C. § 1002(7) as:

any employee or former employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be able to receive any such benefit.

**6.** This test for determining whether an employer has established an ERISA plan has been followed by other circuits. *See, e.g., Brown v. Ampco–Pittsburgh Corp.*, 876 F.2d 546, 551 (6th Cir.1989); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 739 (7th Cir.1986), *cert. denied*, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987); *Harris v. Arkansas Book Co.*, 794 F.2d 358, 360 (8th Cir.1986); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1503–04 (9th Cir.1985).

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; *and*

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

(emphasis added).

█ The "and" connector indicates that the existence of any one of the four criteria listed would prevent a group insurance plan, otherwise qualifying as an ERISA plan, from being excluded from coverage under the Act. *Memorial Hosp.*, 904 F.2d at 241; *Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir.1988).

## FEDERAL JURISDICTION

At the outset it should be noted that a district court may and should always determine *sua sponte* whether its subject matter jurisdiction has been properly invoked. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3721. Additionally, removal statutes should be strictly construed and if removal appears improper, the trial court, at any time before final judgment, must remand the action to state court. 28 U.S.C. § 1447(c). In this case, the Defendant has noticed its removal pursuant to 28 U.S.C. § 1441. Section 1441 of Title 28 grants a Defendant the right to timely remove its pending state court action to federal district court, if that court would have original jurisdiction.

Original jurisdiction can be based on diversity of citizenship, 28 U.S.C. § 1441(a), or, as HARTFORD alleges in this instance, "arising under" or federal question jurisdiction, 28 U.S.C. § 1441(b).[7]

█ Although Article III of the Constitution grants a federal court the power to hear cases "arising under" federal statutes,[8] it was not until the Judiciary Act of 1875, that Congress granted federal courts general "federal question" jurisdiction. This statute in its current form, 28 U.S.C. § 1331, provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether a claim "arises under" the stated source of federal law, a right or immunity created by one of those sources must be an "essential element" of the Plaintiff's cause of action, *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), and it must be apparent from the face of the "well pleaded complaint," unaided by the Answer or by the Notice of Removal, that there exists a federal question. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Consequently, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the Plaintiff's Complaint, and even if both parties concede that the federal defense is the only question truly at issue. *Franchise Tax Bd. of California v. Constr. Laborers Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

█ Congress, however, may so completely preempt a particular area, that any civil complaint raising a claim within this area is necessarily federal in character. In

---

**7.** 28 U.S.C. § 1441(b) provides:
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties and law of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served

as defendants is a citizen of the State in which such action is brought.

**8.** Article III, § 2 of the United States Constitution provides: "The judicial Power shall extend to all cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made under their Authority ..."

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–66, 107 S.Ct. 1542, 1546–48, 95 L.Ed.2d 55 (1987), the Supreme Court held that the special rule used for claims preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, is also applicable to cases which come within the compass of ERISA. As a result, ERISA preemption does not act as a defense to a state law claim, which is the usual effect of preemption, rather, ERISA preemption "converts the related claim into a federal question," for purpose of removal. *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir.1987) (citing *Metropolitan*, 481 U.S. at 66–67, 107 S.Ct. at 1548).

■ Removal based on the existence of a federal question, nevertheless, must allege all facts essential to the existence of that federal question. *Wright v. Sterling Investors Life Ins. Co.*, 747 F.Supp. 653, 655 (N.D.Ala.1990). Consequently, a notice of removal based upon a "bare-bones contention" that an action is governed by ERISA is subject to remand. *Bryant v. Blue Cross and Blue Shield of Alabama*, 751 F.Supp. 968 (N.D.Ala.1990).

■ In the present case the Defendants removed the above styled action on the ground this court had original jurisdiction as a result of ERISA, but did not provide sufficient factual support. Consequently, the court cannot answer the preliminary question upon which its own jurisdiction hinges: Does an ERISA welfare benefit plan exist? Rather than simply remanding the case to state court for the Defendants' failure to "dot all i's and cross all t's," *see Bryant*, 751 F.Supp. at 969, the court believes that it is more prudent, and more equitable, to permit both parties the opportunity to present evidence on this preliminary juridictional question. Therefore, as the Defendants bear the burden of establishing federal jurisdiction, *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983); *Winters Gov't Securities Corp. v. NAFI Employees Credit Union*, 449 F.Supp. 239, 242 (S.D.Fla.1978), it is the policy of the undersigned to require parties, who remove on the basis of ERISA, to provide "evidence" for the court's consideration which would establish the policy at issue as an employee welfare benefit plan.

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that

(1) the Defendants shall have twenty (20) days from the date of this order to provide "evidence" for the court's consideration establishing that the policy at issue qualifies as an ERISA benefit plan. In the event the Defendants fail to do so, the clerk of court shall REMAND this action to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County.

(2) the Plaintiff shall have ten (10) days following the Defendants' submission to *either:* (1) provide the court with evidence in opposition; *or* (2) notify the court of their intention not to oppose the Defendant's submission. Additionally, the Plaintiff shall ten (10) days following the Defendants' compliance with this order in which to respond to the Motion to Dismiss or to Strike. In the event she fails to do so, the clerk of court shall DISMISS this action WITHOUT PREJUDICE.

(3) Upon receipt of all evidence, the court shall determine whether the Defendants have met its burden to establish that ERISA applies and the action is, therefore, removable.

DONE and ORDERED.