**William FLEMING, et al., Plaintiffs,**

v.

**LIFE OF THE SOUTH TPA, INC., et al., Defendants.**

Civ. A. No. 94–AR–2006–S.

United States District Court, N.D. Alabama, Southern Division.

Nov. 28, 1994.

Kaye H. Turberville, Sirote and Permutt, P.C., Frank O. Hanson, Jr., Cherry Givens Tarver Peters Lockett & Diaz, Birmingham, AL, for plaintiffs.

Steven F. Casey, Leigh Anne Hodge, Balch & Bingham, Birmingham, AL, for defendants.

### MEMORANDUM OPINION AND ORDER

ACKER, District Judge.

The court has for consideration the amended motion of Life of the South TPA, Inc., et al., defendants in the above-entitled cause, for a dismissal of plaintiffs' action or in the alternative for summary judgment, and an alternative motion to strike plaintiffs' jury demand.

Without purporting to adjudicate whether or not the medical benefits plan upon which the action is based sufficiently complies with the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), to enjoy ERISA's super-preemption, thus preserving plaintiffs' right to request remand to the state court if the plan should hereinafter prove not to qualify as an ERISA plan, in the current posture of the case the court finds super-preemption applicable, making removal proper. Defendants' motion to strike the jury demand is GRANTED, but with the prediction that one of these days the Supreme Court will recognize the applicability of the Seventh Amendment to jury demands in ERISA cases seeking more than twenty dollars in damages. *See East v. Long,* 785 F.Supp. 941, 942 (N.D.Ala.1992); *Blue Cross and Blue Shield of Alabama v. Lewis,* 753 F.Supp. 345 (N.D.Ala.1990); *Jordan v. Reliable Life Ins. Co.,* 716 F.Supp. 582 (N.D.Ala.1989); *Jordan v. Reliable Life Ins. Co.,* 694 F.Supp. 822 (N.D.Ala.1988); *Whitt v. Goodyear Tire & Rubber Co.,* 676 F.Supp. 1119 (N.D.Ala.1987); George L. Flint, Jr., *ERISA: Jury Trial Mandated for Benefit Claims Action,* 25 Loy.L.A.L.Rev. 361 (1992); Nancy L. Pirkey, Note, *The Availability of Jury Trials in ERISA Section 510 Actions: Expanding the Scope of the Seventh Amendment,* 27 Val.U.L.Rev. 139 (1992); Michael McCabe, Jr., Comment, *The Right to a Jury*

*Trial in Benefit Recovery Actions Brought Under ERISA Section 502(A)(1)(B),* 20 U.Balt.L.Rev. 479 (1991); Ann Bersi, Comment, *The Road Less Travelled in the Better Way: New Routes to the Right to Jury Trial in ERISA Section 502(A)(1)(B) Actions,* 27 Cal.W.L.Rev. 431 (1990/1991). Defendants' motions to dismiss and in the alternative for summary judgment are DEEMED moot because the court DEEMS the complaint amended or transmogrified to claim, based on the facts averred, all relief to which plaintiffs may be entitled within the remedies expressly provided in ERISA and within any federal common law remedies supplementing ERISA.

Having themselves converted plaintiffs' state law action into a federal ERISA action, defendants seek to dismiss the ERISA action for failing to state an ERISA claim. Effectively, defendants have, as plaintiffs noted, towed "the case into the federal harbor only to try to sink it once it is in port." *See Bryant v. Blue Cross and Blue Shield of Alabama,* 751 F.Supp. 968, 974 (N.D.Ala. 1990). Defendants argue that super-preemption is a purely jurisdictional doctrine whereby the invocation of ERISA opens the door to federal court. According to defendants, however, once the plaintiff is inside, the door closes, leaving the state claims, even as transmogrified, outside. Some courts hold that at this juncture plaintiff confronts a second, no longer talismanic ERISA, which would require particularized pleading of an ERISA claim so that failure to meet this heightened standard results in outright dismissal, not a return to the more hospitable environs of state court. This series of procedural moves by a defendant is what would be called "the ERISA two-step" if this court were not willing to take defendants at their word and assume with them that plaintiff is invoking ERISA and everything it permits.

This ruling is without prejudice to defendants' right to file a motion for summary judgment at a later time after discovery.

Defendants shall answer within seven (7) calendar days.