Eddie B. **MITCHELL,** and Eddie G. **Swanson, Plaintiffs,**

v.

**INVESTORS GUARANTY LIFE INSURANCE COMPANY; and David Wells, et al., Defendants.**

Civ. A. No. 94–AR–2382–S.

United States District Court, N.D. Alabama, Southern Division.

Nov. 28, 1994.

---

See also 861 F.Supp. 1039.

William B. Lloyd, Jr., Pate Lewis & Lloyd, Birmingham, AL, James E. Harris, Harris & Risner, Birmingham, AL, for plaintiffs.

Ollie L. Blan, Jr., Thomas M. Eden, III, Spain Gillon Grooms Blan & Nettles, Birmingham, AL, for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has before it a motion to remand filed by plaintiffs, Eddie B. Mitchell and Eddie G. Swanson (collectively "plaintiffs") and a motion to dismiss filed by defendants, Investors Guaranty Life Insurance Company and David Wells (collectively "defendants"), simultaneously with the notice of removal.

This is defendants' second attempt to bring this case into the federal court. Their initial attempt in CV 94–AR–1934–S culminated in this court's remanding the case on August 30, 1994 for lack of subject matter jurisdiction because defendants had not sufficiently established the essential elements of an Employee Retirement Income Security Act plan in order to prove the existence of a federal question. On September 29, 1994, based only upon two new affidavits, defendants once again removed the case to this court. Attempting to respond to this court's memorandum opinion that accompanied its first order of remand, defendants' new notice of removal avers:

> Plaintiffs Eddie B. Mitchell and Eddie G. Swanson are employees of Asia Rug Company located in Birmingham, Alabama. The individual plaintiffs were participants in an employee welfare benefit plan of Asia Rug Company, providing retirement benefits and life insurance under policies of insurance issued by defendant Investors Guaranty as evidence [sic] by the following verified facts:

i. Asia Rug Company endorsed a Plan providing life insurance/retirement benefits for its employees, including plaintiffs, and induced employees to participate in the Plan by offering to contribute ½ of the monthly premium costs....

ii. Asia Rug Company sponsored and established a benefit plan providing life insurance/retirement benefits for its employees, including plaintiffs, when it took the following actions ...

iii. Asia Rug Company in fact contributed ½ of the monthly premium to maintain the employee benefit plan for its employees, including plaintiffs....

iv. Asia Rug Company collected the remaining ½ of the monthly premium to maintain the employee benefit plan through payroll deduction and then remitted the entire premium through a monthly bank draft on the checking account of the Asia Rug Company....

v. Policies of insurance were issued to the employees of Asia Rug Company and covered by the benefit plan setting forth the life insurance/retirement benefits, names of the insureds and beneficiaries and a procedure for receiving benefits....

vi. Asia Rug Company is a retail business engaged in the sale of handmade rugs obtained from around the world and shipped in interstate commerce.

*Defendants' Notice of Removal* at 3–4. Predictably, plaintiffs once again have moved to remand.[1]

### Analysis

ERISA is a statute of "uniquely preemptive force." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987); *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). The Eleventh Circuit has interpreted ERISA as creating "super-preemption" which "convert[s] what would ordinarily be a state claim into a claim arising under the laws of the United States." *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir.1991); *First Nat. Life Ins. v. Sunshine–Jr. Food Stores*, 960 F.2d 1546 (11th Cir.1992); *Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791 (11th Cir.1989). This is a doctrine of elimination and not absorption: "not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims." *Amos v. Blue Cross–Blue Shield of Alabama*, 868 F.2d 430, 431 (11th Cir.1989) (*per curiam*); *cert. denied*, 493 U.S. 855, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989).[2]

As this court has stated on previous occasions, the entrance to federal court does not swing wide, like Ali Baba's cave, at the mere invocation: "this is an ERISA plan." *See e.g., Bryant v. Blue Cross and Blue Shield of Alabama*, 751 F.Supp. 968 (N.D.Ala.1990); *Jordan v. Reliable Life Ins. Co.*, 694 F.Supp. 822, 824–85 (N.D.Ala.1988). Rather, a removing defendant must set forth with considerable specificity the necessary elements of an ERISA plan. Considering the profound preemptive effect of ERISA on both state courts and state law, federalism demands that federal courts apply super-preemption with care and thoughtful deliberation. This court is not among the courts that have been overly generous by construing bare conclusory allegations to prove the existence of an ERISA plan. *See Wickman v. Northwestern Nat. Ins. Co.*, 908 F.2d 1077 (1st Cir.), *cert. denied*, 498 U.S. 1013, 111 S.Ct. 581, 112 L.Ed.2d 586 (1990).

In their current notice of removal, defendants have provided considerably more

---

1. Despite protestations by defendants that "new evidence" should change the court's initial decision to remand this case, both defendants' oral argument and written briefs leave the court with a distinct sense of *deja vu.*

2. Recently, the Eleventh Circuit has taken a significant step back from the implications of its previous absolutist position. In *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994), the court held "the mere existence of an ERISA plan is not enough for preemption. Rather, the state law in question must make reference to or function with respect to the ERISA plan in order for preemption to occur." A second recent decision from the Eleventh Circuit confirms that this partial withdrawal from total preemption was not an anomaly. *See Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529 (11th Cir.1994).

information than they presented last time. Arguably, they have now averred a case of ERISA preemption. But defendants had available to them when they removed in CV 94–AR–1934–S all of the information they now add to a "beefed up," renewed notice of removal. Their present removal is no more than an attempt to amend and to obtain a rehearing on their earlier abortive notice of removal.

There is nothing in the two affidavits which could have suddenly alerted defendants for the first time to the existence of an ERISA plan. Defendants knew the relevant facts when they removed in CV 94–AR–1934–S. They just failed to allege them.

■ This court's tentative conclusion that removal would have been effective in CV 94–AR–1934–S if the instant notice of removal had been filed then instead of now is *dictum* because it is overridden by the fact that the present notice of removal was filed more than thirty (30) days after defendants had been served by plaintiffs with papers that either alerted or should have alerted them of the existence of a ground for the removal. Defendants have not demonstrated a reason for two bites at the removal apple and are thus precluded by 28 U.S.C. § 1446(b).

A separate order of remand will be entered.