Nathaniel JONES, Plaintiff,

v.

**PIONEER LIFE INSURANCE COMPANY OF ILLINOIS and Donnie K. Lewis, et al., Defendants.**

No. CV–94–A–311–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 22, 1994.

Walter B. Calton, Eufaula, AL; Jere L. Beasley, Thomas J. Methvin, Montgomery, AL, for plaintiff.

William H. Brittain, Allison L. Alford, Montgomery, AL, for defendant.

### *ORDER*

ALBRITTON, District Judge.

Nathaniel Jones brought suit against his insurer, Pioneer Life Insurance Company of Illinois ("Pioneer"), for the recovery of bene-

fits allegedly due under the insurance policy issued by Pioneer. Pioneer removed the action to federal court. It asserted there was federal jurisdiction because Jones's complaint was governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and thus presented a federal question. Jones filed a motion to remand, asserting the federal court had no jurisdiction because the insurance plan at issue was not governed by ERISA. This court finds that the plan is not an ERISA plan. Thus, this case is due to be remanded to the Circuit Court of Barbour County, Alabama.

Jones entered into a health insurance policy with Pioneer in April 1991. Jones was working at Doti's Body Shop ("Doti's"). At the time Doti's was a sole proprietorship, owned by Elijah Massey, Jones's uncle. Massey obtained health insurance from a Pioneer representative for himself and his daughter. When Jones told Massey he wanted to get health insurance, and that he had known a Pioneer agent had come to Doti's and sold Massey some insurance, Massey gave Jones the Pioneer agent's card. Jones called Pioneer, and an agent came to Doti's to sell Jones some insurance.

Pioneer required that the premiums on the policy be paid by a bank draft. Jones did not have a checking account. Jones worked out the following arrangement, involving Doti, for the payment of the premiums to Pioneer: Massey authorized Pioneer to draft the bank account of Doti's Garage for the payment of the monthly premiums. Massey paid Jones his monthly salary. In return Jones would pay his monthly premium by the end of the month, which is when Pioneer Life deducted the premium from Doti's account. Massey was reimbursed in full for the payment he made. Thus, Massey was not making any contribution toward the payment of the premium.

Whether a plan falls within ERISA's scope depends on whether the insurance policy qualifies as an "employee benefit plan" for ERISA purposes. *Randol v.*

*Mid–West Nat'l Life Ins. Co. of Tennessee,* 987 F.2d 1547, 1549 (11th Cir.1993). An "employee benefit plan" includes an "employee welfare benefit plan," 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is

> any plan, fund, or program ... established or maintained by an employer ... to the extent such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment....

29 U.S.C. § 1002(1). The U.S. Department of Labor, under authority to promulgate rules interpreting ERISA, *see* 29 U.S.C. § 1135, has issued regulations providing that certain plans[1] are excluded from ERISA's coverage. 29 C.F.R. § 2510.3–1(j) provides:

> *Certain group or group-type insurance programs.*
>
> For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administra-

---

1. The fact that a plan only covers one employee does not bar it from being an ERISA plan. *See*

*Randol,* 987 F.2d at 1550 n. 4.

tive services actually rendered in connection with payroll deductions or dues checkoffs.

Each of these four requirements must be met in order for the plan to be excepted from ERISA's scope.

Pioneer contends the first requirement is not met because Massey can be viewed as having made certain contributions: the premium payments were paid out of Doti's bank account. The cash reimbursements by Jones were placed into Massey's account, rather than Doti's account. Pioneer says that it is possible that Massey did not replace any payments made out of Doti's account back into Doti's account, which would indicate that Doti's made at least some contributions toward the payment of the premiums under/for the policy. Pioneer overlooks the fact that Doti's is a sole proprietorship; thus, Doti's and Massey are not separate entities. Massey, the employer, advanced the money for the premiums, and in return was reimbursed in full. He cannot be viewed as having made a contribution.

▋ Pioneer does not dispute that the second requirement has been met. Pioneer contends the third requirement has not been met because Massey endorsed the insurance plan Jones obtained from Pioneer. This court finds that Massey did not endorse the insurance program. Massey merely told Jones the name of the agent from whom he purchased his own health insurance, and gave Jones Pioneer's agent's card, upon Jones inquiring about it. An employer has not established an ERISA plan if he merely advertises a group insurance plan that has none of the attributes described in 29 C.F.R. § 2510.3–1(j). *Fugarino v. Hartford Life and Accident Ins. Co.*, 969 F.2d 178 (6th Cir.1992); *see also Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1083 (1st Cir.1990); *Credit Managers Ass'n of Southern California v. Kennesaw Life & Accident Ins. Co.*, 809 F.2d 617, 625 (9th Cir.1987).

Pioneer further maintains that the third requirement is not met because Massey did not collect premiums through a payroll deduction or dues checkoff; Jones was paid his full salary and Massey was reimbursed later in cash. This court does not find fatal to meeting the 29 C.F.R. § 2510.3.–1(j) exception that a payroll deduction was not taken from Jones's paycheck before he was paid his salary. The methodology used by Massey had the same effect as a payroll deduction. According to the Department of Labor, "employer neutrality is the key to the rationale for not treating such a program [which meets all requirements of 29 C.F.R. 2510.3–1(j) ] as an employee benefit plan, namely the absence of employer involvement." 40 Fed. Reg. 34,526 (1975). "The purpose of these requirements is to be sure there is no employer involvement in the management or design of the program. Because of this absence of involvement, the Department of Labor determined that there is no purpose served by imposing ERISA requirements on an employer through whose employment the program is offered." Ellen A. Hennessy, *Welfare Plans in Corporate Transactions,* 263 PLI/Tax 375 (1987). The payroll deduction taken by the employer ensures minimal employer employment. The method of payment here did not involve greater employer involvement. This court finds that this method of the employer obtaining reimbursement is equivalent to the employer obtaining his/her reimbursement via a payroll deduction. To literally require a payroll deduction or dues checkoff even when the same thing is accomplished by the method used here would be an unjustified hyper-technical application of form over substance.

The fourth requirement is met; Massey received no consideration in connection with the policy. Although cash payments were received by Massey, these were mere reimbursements of the funds advanced by Massey, and did not constitute consideration to Massey for his allowing use of Doti's account for payment of the premiums.

Each of the four criteria of the safe harbor of 29 C.F.R. § 2510.3–1(j) has been met. This court finds that the policy at issue does not come within the scope of ERISA. Thus, this court is without jurisdiction to hear the case.

The motion to remand is GRANTED, and it is hereby ORDERED that this case is REMANDED to the Circuit Court of Barb-

our County. The Clerk is directed to take the necessary steps to effect the remand.