**Eddie B. MITCHELL, et al., Plaintiffs,**

v.

**INVESTORS GUARANTY LIFE INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. 94–AR–1934–S.**

United States District Court,
N.D. Alabama,
Southern Division.

Aug. 30, 1994.

1040

William B. Lloyd, Jr., Pate Lewis & Lloyd, Birmingham, AL, for plaintiffs.

Ollie L. Blan, Jr., Thomas M. Eden, III, Spain Gillon Grooms Blan & Nettles, Birmingham, AL, for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

This court is confronted with a motion to remand to the state court a case removed by defendants upon their allegation that the action is controlled by the Employees Retirement Income Security Act and thus presents a federal question removable pursuant to 28 U.S.C. § 1331.

If any district court governed by the Eleventh Circuit's doctrine of "super-preemption," which circumvents the well-pleaded complaint rule in cases in which a removing defendant asserts that the relief sought in the state court is governed by ERISA, is familiar with the concept if not fond of it, this court, as an ERISA-obsessed court, is. The question nevertheless remains as to where to draw the line ("bright line" or "gray line") between cases in which the ERISA implication is clear or in cases in which the ERISA possibility is inchoate, murky, and certainly not obvious on the face of the complaint and in which the removing defendant must demonstrate affirmatively that ERISA provides plaintiff his only remedy, that is, if he has a remedy at all.

In the instant case, as is not unusual, plaintiffs, Eddie B. Mitchell and Eddie G. Swanson, did not invoke ERISA in their complaint. Rather, they alleged what would constitute a simple fraud under state law, that is unless their claims are automatically transmogrified by ERISA preemption.

■ In an ERISA removal the well-pleaded complaint rule disappears and is replaced by the well-pleaded notice-of-removal rule. This court has previously held, and finds no Eleventh Circuit cases in disagreement, that a removing defendant must allege more than the bare conclusion that ERISA governs. See Jordan v. Reliable Life Ins. Co., 694 F.Supp. 822 (N.D.Ala.1988); Wright v. Sterling Investors Life Ins. Co., 747 F.Supp. 653 (N.D.Ala.1990); Davis v. American General Group Ins. Co., 732 F.Supp. 1132 (N.D.Ala. 1990); East v. Long, 785 F.Supp. 941 (N.D.Ala.1992).

■ In the instant case, as in Davis, supra, the jurisdictional problem is exacerbated by defendants' motion to dismiss filed simultaneously with the notice of removal, asserting:

The complaint fails to state a cause of action against these defendants upon which relief can be granted.

In other words, defendants want to characterize the complaint as one brought under ERISA while at the same time denying that ERISA provides any possibility of recovery.

This court still believes that a removing defendant must allege *facts* to show that ERISA governs or, in other words, that in fact and law, an ERISA-qualifying plan is involved. There is nothing in *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982), here cited by defendants, which relieves a removing defendant of its obligation to allege more than its mere conclusion that an ERISA plan is implicated. For instance, it should be a simple matter for the notice of removal to attach a copy of the required "Plan Summary," not always absolute proof of the existence of an ERISA-qualified plan, but a pretty good indicator.

■ The particular insurance policy here purchased in alleged reliance upon representations made by the individual defendant, David Wells, representing defendant, Investors Guaranty Life Insurance Company, may very well ultimately prove to be a policy that qualifies under ERISA. If this proves true, the state court has concurrent jurisdiction and can provide all of the ERISA-allowed relief to which plaintiffs are entitled and can recognize all of the ERISA defenses which are available to defendants. Super-preemption is not the same thing as exclusive federal jurisdiction. Defendants here seem to believe that their allegations in the notice of removal that "the individual plaintiffs were participants in an employee welfare benefit plan of Asia Rug Company" and that the "claims therefore arise solely under and are governed exclusively by the Employee Retirement Income Security Act of 1974" are legitimate conclusions that suffice for opening the removal door even though they may or may not be supported by the actual facts. In fact, here the plaintiffs flatly deny that this is an ERISA-qualified plan. Who is correct must await factual development.

This court is on record as insisting that a defendant removing upon an allegation of ERISA preemption allege the *facts* in its notice of removal necessary to demonstrate the application of ERISA to the case. *Jordan v. Reliable Life Ins. Co., supra.* In the instant removal, for aught appearing, the requisites for an ERISA plan do not exist.

The most recent and highly persuasive opinion on this subject comes from the Middle District of Alabama in *Jones v. Pioneer Life Ins. Co. of Illinois,* 858 F.Supp. 164 (M.D.Ala.1994), wherein Judge Albritton held:

> Whether a plan falls within ERISA's scope depends on whether the insurance policy qualifies as an "employee benefit plan" for ERISA purposes.

*Id.* at 165. Finding that the removing defendant Pioneer Life had neither alleged nor proven that the plan was ERISA-qualified, Judge Albritton remanded the case to the state court from which it had been removed. The central point of Judge Albritton's opinion, and the point of this court's earlier similar opinions, is that a reasonable degree of particularity is required of a removing defendant who wants to enjoy the concept of preemption or "super-preemption."

It is a simple matter to allege that an insurance policy is governed by ERISA. It is not quite so simple to allege and to prove that the same insurance policy is, as a matter of fact, part of an ERISA-qualified plan. If such particularity is too much to expect of a removing defendant, this court has not yet been told that a notice of removal and notice pleading go hand-in-hand.

Not finding that these defendants have alleged the *facts* necessary to demonstrate the existence of an ERISA-qualified plan, plaintiffs' motion to remand will be granted by separate order.