Don WRIGHT, et al., Plaintiffs,

v.

STERLING INVESTORS LIFE
INSURANCE COMPANY, et
al., Defendants.

Civ. A. No. 90–AR–1798–M.

United States District Court,
N.D. Alabama, M.D.

Sept. 18, 1990.

Amendment to Memorandum Opinion
Sept. 19, 1990.

W N Watson, Watson & Watson, Ft
Payne, Ala., for plaintiffs.

Gregory Dale Crosslin, Dorothy Wells
Littleton, Webb Crumpton McGregor Sasser Davis & Alley, Montgomery, Ala., for
defendants.

MEMORANDUM OPINION

ACKER, District Judge.

Defendants, Sterling Investors Life Insurance Company and Robey–Barber Insurance Services Corporation, removed the
above-entitled cause from the Circuit Court
of Dekalb County on August 31, 1990, purporting to invoke the jurisdiction of this
court on two separate bases: (1) alleged
diversity of citizenship and the requisite
jurisdictional amount pursuant to 28 U.S.C.
§ 1332(a); and (2) alleged existence of original jurisdiction in this court pursuant to 29
U.S.C. § 1144(a). Defendants have never
invoked 28 U.S.C. § 1331.

On September 13, 1990, plaintiffs, Don
Wright and Peggy Wright, orally moved to
remand the case to the Circuit Court of
Dekalb County, challenging this court's removal jurisdiction. Defendants promptly
conceded that an individual representative
of defendant, Robey–Barber Insurance Ser-

vices Corporation, originally named as a fictitious party, who is alleged by plaintiffs to have made fraudulent misrepresentations on behalf of the corporate defendants, is known by the parties and is a resident of the State of Alabama. This fact eliminates complete diversity of citizenship and thus precludes jurisdiction in this court based on 28 U.S.C. § 1332(a)(1). Because of this concession by defendants, the court does not rely on the fact that the removing defendants did not allege in their removal papers either that the fictitious defendants were non-residents of Alabama or were nominal parties or were fraudulently joined. *See Keller v. Honeywell Protective Services,* 742 F.Supp. 425 (N.D. Ohio 1990).

The court has left for consideration only the question of the removability of the cause as an action over which the court allegedly has "original jurisdiction ... pursuant to 29 U.S.C. § 1144(a) as it involves application of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.*" Paragraph 4 of the notice of removal.

■■■ The first crucial error committed by the removing defendants is in not invoking this court's "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, the appropriate statute upon which to remove a case on the basis of its being among the class of "actions arising under the ... laws ... of the United States." Instead of invoking 28 U.S.C. § 1331, defendants relied only upon 29 U.S.C. § 1144(a), the ERISA supersedure provision which in no way duplicates or can substitute for 28 U.S.C. § 1331. This court cannot be left to guess a valid statutory basis for its jurisdiction. It is the duty of the party invoking this court's jurisdiction to point specifically to a statutory basis for jurisdiction and a statutory basis that fits the facts of the case.

■■■ Defendants' second error is in assuming that so-called ERISA "preemption" automatically forms a basis for removal. Defendants run into the well-pleaded complaint rule which was applied by the Third Circuit to remand an ERISA preemption case in *Allstate Insurance Co. v. The 65*

*Security Plan,* 879 F.2d 90 (3rd Cir.1989). The Wrights' original state court complaint, copy of which was properly attached to the notice of removal, nowhere mentions ERISA nor does it allege facts which, on their face, bring the controversy under ERISA. Where the state court complaint fails on its face to indicate the existence of a federal question, the mere conclusory allegation by the removing parties in their notice of removal that the complaint "involves application of the Employee Retirement Income Security Act of 1974" does not "make it so"; does not create ERISA preemption; and does not create a federal question.

Some courts erroneously confuse *federal preemption* with *federal jurisdiction:*

> [F]ederal substantive law supplants or preempts state law, but unless federal jurisdiction is made exclusive both state and federal courts have concurrent jurisdiction of actions arising under that law.

\* \* \* \* \* \*

Where a plaintiff properly pleads his claim under state law and the defendant asserts that the state law upon which the claim is based has been preempted, some courts have allowed removal on the ground that a federal question is inherent in the state complaint. These courts have endorsed the reasoning that if the state law upon which the plaintiff's claim is predicated is preempted, that suit "arises under" federal law because that is the only law which could serve as the basis for the plaintiff's claim.

With deference, we suggest that the better view is expressed by the Third, Seventh, Eighth and Ninth Circuits which have concluded that the assertion of a defense that federal law has preempted the state law upon which plaintiff relies does not create a federal question for purposes of the general removal statute. Preemption involves a federal issue; but there is no justification for distinguishing the issue of preemption from any other federal issue raised in defense.

1A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 0.160[4] (citations and footnotes omitted).

 Assuming *arguendo* that the Eleventh Circuit is among those courts which recognize federal preemption as a substitute for federal jurisdiction, it is nevertheless incumbent on the removing party to allege facts to demonstrate the actual preemption, i.e, in this case the actual existence of an ERISA-related claim. If the well-pleaded complaint rule can be circumvented by a defendant so as to obtain removal in this context, at least that defendant must supply allegations of *facts* in his removal papers to indicate the existence of a federal preemption. No such facts are averred in this notice of removal. For instance, there is no averment that the policy of insurance was a part of an "employee welfare benefit plan," as required by 29 U.S.C. §§ 1002(1); or that the plan of which the policy is a part is established or maintained by: (i) an employer engaged in commerce or activity affecting commerce; (ii) an employee organization or organizations representing employees engaged in commerce or in an activity affecting commerce, as required by 29 U.S.C. § 1003. The court finds it strange that defendants cite in their brief *Donovan v. Dillingham*, 688 F.2d 1367, 1370 (11th Cir.1982), for the proposition that ERISA cases are removable. The brief acknowledges that there are "five requirements which must be met in order to show the existence of an 'employee benefit plan' within the meaning of ERISA." The five *Donovan* requirements are even listed by defendants. Defendants' brief, p. 3. However, defendants admitted that "*each of these factors can be gleaned from the facts of the complaint.*" (emphasis supplied). Defendants' brief, p. 3. This is not true of the Wrights' complaint. Neither is it true of the removal papers filed by these defendants.

The allegations of the state court complaint bear a significant resemblance to the allegations of the complaint in *HealthAmerica v. Menton*, 551 So.2d 235 (Ala.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990), in which the Supreme Court of Alabama found no ERISA preemption. Whether or not the Supreme Court of Alabama was correct in *Menton*, this court can find no basis in this court file for an efficacious removal. The instant case also bears a resemblance to *Davis v. American General Insurance Corp.*, 732 F.Supp. 1132 (N.D.Ala.1990), but presents a much stronger procedural basis for declining jurisdiction than did *Davis*.

An appropriate separate order will be entered.

## AMENDMENT TO MEMORANDUM OPINION OF SEPTEMBER 18, 1990

 In the memorandum opinion entered on September 18, 1990, this court *did not mean* to impart a belief that the existence of fictitious parties defendant in a pending state action automatically destroys diversity jurisdiction. This was, of course, the general rule until the fairly recent amendment to 28 U.S.C. § 1441(a), which now disregards fictitious defendants for purposes of removal. This court *did mean* to exercise its discretion under 28 U.S.C. § 1447(e) and to recognize in this particular case the fact that an actual person yet formally to be named by plaintiffs as a defendant, is known both to plaintiffs and to defendants, and is known to be a resident of the same state as are the plaintiffs. On this basis the court declined to assume diversity jurisdiction. This was simply a shorthand method of allowing an amendment to add the non-diverse party and then remanding.

Although the order of remand was effective September 18, 1990, the Clerk is directed to mail a copy of this amendment to counsel for all parties and to the Clerk of the Circuit Court of Dekalb County, Alabama.