Lisa **LEDERMAN**, Plaintiff,

v.

**MARRIOTT CORPORATION d/b/a The Westchester Marriott Hotel, and various unnamed parties, Defendants.**

No. 93 Civ. 683(VLB).

United States District Court,
S.D. New York.

Oct. 15, 1993.

Maria Gesualdi, Michael Maggiano & Associates, New York City, for plaintiff.

John T. O'Dwyer, White, Fleischner & Fino, New York City, for defendant Marriott.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This tragic case involves the rape on January 7, 1990 of a customer of a bar maintained in a Marriott Corporation ("Marriott") hotel in Westchester. Insofar as can now be ascertained, plaintiff visited the bar and accompanied a former employee of Marriott to the hotel parking lot, leading to subsequent assault, robbery and rape.[1]

At this preliminary stage, the case presents several procedural issues involving the administration of the diversity of citizenship jurisdiction of the federal courts under 28 U.S.C. § 1332 and the removal provisions of 28 U.S.C. §§ 1441 and 1447.

Plaintiff, a resident of Rockland County, New York, filed this suit on December 23, 1992 against Marriott and numerous unnamed parties in New York State Supreme Court, New York County. Marriott, a Delaware corporation with its principal place of business in Bethesda, Maryland, filed a notice of removal to this court pursuant to 28 U.S.C. § 1441, based on diversity of citizenship (28 U.S.C. § 1332).

Plaintiff has moved (1) to add previously unnamed "Doe" parties as defendants,[2] and (2) to remand this suit to state court pursuant to 28 U.S.C. § 1447 on the ground that diversity of citizenship no longer exists inasmuch as the "Doe" defendants now identified by plaintiff are, like plaintiff, New York domiciliaries.

Marriott has cross-moved to dismiss plaintiff's fifth claim (for negligent supervision of the premises). I deny plaintiff's motions to add further parties and to remand this case to state court, and likewise deny Marriott's motion to dismiss plaintiff's fifth claim.[3]

### II

So-called "Doe" defendants are disregarded for purposes of determining diversity of citizenship jurisdiction under 28 U.S.C. § 1332 in cases removed to United States district courts pursuant to 28 U.S.C. § 1441. The removal statute provides:

---

1. For reasons unknown, the alleged perpetrator is not named as a defendant in this case.

2. The names of these proposed defendants are not pertinent to my disposition of the motions before me.

3. Marriott has also to moved dismiss the complaint against one of the proposed additional defendants, a security officer of Marriott on grounds that the statute of limitations had run prior to service on him. This motion is moot, inasmuch as no additional defendants beyond Marriott have been or are now being added to this case.

For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(a).

Where a plaintiff seeks to add parties whose presence would destroy diversity and require remand, 28 U.S.C. § 1447(e) leaves the question of whether to allow the addition to the discretion of the court:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Addition of the New York residents plaintiff seeks to join as defendants would, as plaintiff asserts, destroy complete diversity, necessary to jurisdiction under 28 U.S.C. § 1332. The supplemental jurisdiction provided by 28 U.S.C. § 1367 does not alter this result in the present case.

■ Where a case is properly brought in or removed to a United States district court, under circumstances defined in 28 U.S.C. § 1367, supplemental jurisdiction may be exercised over additional parties even if federal jurisdiction would be unavailable in a separate action. Under 28 U.S.C. § 1367(b), however, in cases where jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332, supplemental jurisdiction is inapplicable to claims by plaintiffs against persons made parties under Fed.R.Civ.P. 19 (which governs additions of further parties to a complaint).

In determining whether to allow the addition of the now identified jurisdiction-destroying "Doe" defendants as parties, the objectives set forth in Fed.R.Civ.P. 1 (the just, speedy and inexpensive determination of every action) control.

■ The same criteria would apply were I, contrary to the dictates of 28 U.S.C. § 1441(a), to treat the "Doe" defendants as already being parties merely awaiting identification. Unnecessary parties, the presence of whom would destroy diversity, may be dropped pursuant to Fed.R.Civ.P. 21 so that a United States district court may proceed with the case where this would be in the interest of justice. *Curley v. Brignoli, Curley & Roberts Associates,* 915 F.2d 81, 88–92 (2d Cir.1990), *cert. denied* —— U.S. ——, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1991) and cases cited.

### III

Marriott was the sole original defendant named in a suit filed just short of three years after the incident. It is the sole party which has foreseeable probable ability to satisfy any judgment obtained by plaintiff.

It is unclear whether the three-year statute of limitations (N.Y.Civ.Prac.L. & R. § 214) has run with respect to potential additional defendants who were not served by January 7, 1993, or whether a reference to unknown "Doe" parties in the 1992 state court complaint, which named only Marriott as an identified party, tolls the limitation period under applicable law. See Fed. R.Civ.P. 15(c). I conclude, however, that I need not determine this issue.

■ Validity of the grounds for suing these individuals, apart from potential destruction of diversity jurisdiction, is uncertain. Plaintiff urges that various "Doe" defendants should be identified and added, who would destroy diversity jurisdiction, in particular a Marriott security officer and owners of the real property where the facility is located: then plaintiff would rely on the additions as destroying diversity jurisdiction and requiring remand. Marriott for its part argues that plaintiff's fifth claim against Marriott for negligent supervision of the premises should be dismissed because the person the complaint identifies as having raped plaintiff was no longer on Marriott's payroll when the crime occurred. *Detone v. Bullit Courier Services,* 140 A.D.2d 278, 528 N.Y.S.2d 575 (1st Dept.1988). I do not find any of these arguments persuasive.

Plaintiff's complaint is vague by current federal standards. See *Volvo North America Corp. v. Men's International Tennis Council,* 857 F.2d 55 (2d Cir.1988); *Jacobson v. Cohen,* 146 F.R.D. 95 (S.D.N.Y.1993); *Barnes Landfill, Inc. v. Town of Highland,* 802 F.Supp. 1087 (S.D.N.Y.1992); Marcus, "The Revival of Fact Pleading Under the

Federal Rules of Civil Procedure," 86 Colum.L.Rev. 433 (1986). At this stage, however, most information relevant to issues of liability is exclusively in the hands of Marriott. Dismissal of any of plaintiff's claims against Marriott prior to discovery would be premature. See *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 95 (3d Cir.1988).

If evidence were developed indicating that Marriott had acted in such a way as to create circumstances favorable to known or foreseeable criminal activity carried out on or from its premises, and that such action significantly contributed to the incident involved here, a genuine issue of material fact as defined in Fed.R.Civ.P. 56 might be presented. Marriott could be found liable for mismanagement of its facilities based on the totality of relevant events, before as well as during the incident complained of. See *Local Lodge 1424 v. NLRB,* 362 U.S. 411, 416, 80 S.Ct. 822, 826, 4 L.Ed.2d 832 (1960); *United States v. Ramirez,* 894 F.2d 565, 569 (2d Cir.1990); *Eatz v. DME Unit of Local Union No. 3,* 794 F.2d 29 (2d Cir.1986). All pertinent circumstances must be taken into account. *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962). "Disaggregation"[4] of a separate claim of negligent hiring from the totality of events would elevate sub-questions over the ultimate question of whether the facility was operated in a responsible manner taking all facts into account.

Since Marriott can be held responsible for the behavior of its managers and employees if, while utilizing facilities of Marriott, they were not properly supervised,[5] there is no need to include a security officer as a separate defendant. Addition of unnecessary parties adds to the delay and expense associated with litigation, as well as increasing the potential for confusion, all contrary to the objectives set forth in Fed.R.Civ.P. 1.[6]

▮ Further complication of this litigation by addition of the owner of the property on which the Marriott facility is located is likewise inappropriate. There is no suggestion here that the property owner was aware of any overtly criminal use of the property by Marriott. Such a party having no direct connection with the management of the facility could only be liable (a) if the property owner had a duty to supervise Marriott to assure that Marriott exercised due diligence in protecting invitees to its bar, (b) if whatever level of due diligence may have been required by the circumstances was violated, and (c) if such violation was a proximate cause of the incident involved.

It is evident from these elements that only if Marriott is liable can the owner be charged with any potential secondary responsibility. Unless Marriott could not satisfy a judgment against it, questions concerning any possible secondary liability on the part of a property owner would remain hypothetical. Trying such remote issues at this time would add to expense, delay and confusion without furthering any of the goals mentioned in Fed. R.Civ.P. 1; see also Fed.R.Evid. 403 (judicial power to reject remote and confusing evidence); Moore, "Avoidable Delays in the Trial Courts," 18 Yale L.J. 112, 117 (1908).

Where an institutional entity is an adequate and proper defendant, inclusion of unnecessary individual defendants may cause confusion, delay, expense and potential unfairness. See *Miller v. Maxwell's International, Inc.,* 991 F.2d 583 (4th Cir.1993); *Archer v. Globe Motorists Supply Co.,* 833 F.Supp. 211 (S.D.N.Y.1993); see also H. Rep. 700, 100th Cong., 2d Sess. (1988), 1988 U.S.Code Cong. & Admin.News 5945, 5947, recommending what became 28 U.S.C. § 2679(b).

No defendants other than Marriott are necessary to adjudication of this case as orig-

---

**4.** On "disaggregation" as a fallacy in evaluating facts, see Tushnet, "Book Review," 82 Colum.L.Rev. 1531 (1982).

**5.** Even where *respondeat superior* is inapplicable and, to hold a corporate entity liable, its policymakers must be found deliberately to have breached their legal duties, the corporate entities' liability does not turn upon whether or not the particular policymakers are held to be liable. See *Allen v. City of Yonkers,* 803 F.Supp. 679 (S.D.N.Y.1992).

**6.** Evidence pertinent to some but not all defendants, for example, consumes time and necessarily injects issues of prejudice.

inally brought; it would be contrary to the goals set forth in Rule 1 to add peripheral defendants at this stage. Should any such defendants be primarily liable without regard to Marriott's responsibility, and if they are likely to be able to satisfy any judgment, they may be sued separately.[7]

## IV

Pursuant to Rule 2 of my Individual Rules of Practice (April 1993), the parties are directed to discuss settlement of this case.

This case is referred to United States Magistrate Judge Mark D. Fox for all pretrial purposes including promotion of settlement negotiations and resolution of discovery disputes, except that dispositive motions, if any, will be addressed directly to me.

SO ORDERED.

---

7. If such suits are brought, the observations in this memorandum order should be made avail-

able to the court in which such actions are filed.