Cynthia **BROWN,** Plaintiff,

v.

**TRANSOUTH FINANCIAL CORPORATION, et al., Defendants**

and

Anderson **CREWS,** Plaintiff,

v.

**TRANSOUTH FINANCIAL CORPORATION, et al., Defendants.**

**Civ. A. Nos. 95–D–671–N, 95–D–673–N.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 14, 1995.

**1400**

E. Ted Taylor, Christian E. Roberson, Birmingham, AL, for Cynthia Brown.

Christian E. Robertson, Birmingham, AL, for Anderson Crews.

Richard H. Gill, John F. McDonald, III, Montgomery, AL, John J. Dalton, Ralph H. Greil, Troutman Sanders, Atlanta, GA, for defendants.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is the plaintiffs' motion filed June 14, 1995 to remand this action to the Circuit Court of Barbour County, Alabama, from which the defendants removed this action. Defendants TranSouth Financial Corporation and Associates Financial life Insurance Company filed briefs on June 30, 1995, opposing the motion to remand.

Also before the court is defendant Tran-South Financial Corporation's motion filed

July 7, 1995, petitioning the court to reconsider its order granting the plaintiffs' July 5, 1995 motion to amend the complaint. For the reasons set forth herein, the plaintiffs' motion to remand is due to be granted, and defendant TranSouth Financial Corporation's motion for reconsideration is due to be denied.

## PROCEDURAL FACTS AND HISTORY

■ This cause was removed to this court from the Circuit Court of Barbour County on the basis of diversity jurisdiction.[1] When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch), 267, 2 L.Ed. 435 (1806).

Plaintiffs' brought this fraud action against TranSouth Financial Corporation (hereafter "TranSouth"), Associates Financial Life Insurance Company (hereafter "AFLIC"), and various fictitious parties including Defendants "A, B, and C, those persons who or which were employed by Defendant Tran-South Financial Corporation and/or Defendant Associates Financial Life Insurance Company on the dates complained of herein and who or which made the misrepresentations to Plaintiff as described in this complaint."

For diversity purposes, the plaintiffs are citizens of Alabama. Defendant TranSouth alleges in the notice of removal that it is a corporation organized under the laws of the State of South Carolina, with its principal place of business in the State of Texas. Defendant AFLIC alleges in the notice of removal that it is a corporation organized under the laws of the State of Tennessee, with its principal place of business in the State of

---

**1.** Section 1441 states in part that "... any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...." 28 U.S.C. § 1441(a). Section 1441(b) further states a case shall be removable based on diversity "...

only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1332(a), a district court has original jurisdiction over all cases where citizens of different states are involved and the amount in controversy exceeds $50,000, exclusive of interest and costs.

Texas. The plaintiffs have discovered the identity of one such fictitious defendant, Karen White (hereafter "White"), a former employee of TranSouth. The plaintiffs further assert that White is a resident of Barbour County, Alabama and that her presence destroys diversity. On the other hand, defendants assert that White is a resident of Eastchester, New York.

## DISCUSSION

### A. *Motion for Reconsideration*

■ TranSouth filed a motion on July 7, 1995, therein asking the court to reconsider its order granting the plaintiffs' motion to amend the complaint to add White as a defendant. In support thereof, TranSouth asserts that White cannot properly be substituted for a "fictitious" defendant, because plaintiffs were not ignorant of White's identity at the time the complaint was filed in state court. Although White's signature does appear on the loan agreement and other loan documents, the court finds that a signature is not sufficient to imply that the plaintiffs had knowledge at the time of filing the complaint that the substituted party was the party intended to be sued. *See Spence v. Southern Pine Elec. Coop.*, 599 So.2d 592, 593 (Ala. 1992). Furthermore, the loan documents are silent as to White's alleged role in representing factual statements. *See Miller v. Norwood Clinic, Inc.*, 577 So.2d 860, 865 (Ala. 1991). As a result, the court finds that the plaintiffs did not know that White might be a party responsible for the alleged misrepresentations.

■ Further, the court finds that the plaintiffs proceeded "in a reasonably diligent manner in determining the true identity of the [fictitious] defendant," prior to commencing this action.[2] These cases were filed on April 20, 1995 in the Circuit Court of Barbour County, Alabama. The plaintiffs submitted interrogatories simultaneously with their complaints which sought to elicit the proper name of all fictitious parties. The plaintiffs

admit that the identity of White was determined since the filing of the Notice of Removal on May 19, 1995. *See* Pls.' Mot. for Leave of Court to Amend Compl. ¶ 3. The plaintiffs' motion to substitute the named defendant for the fictitious party was filed on June 30, 1995. Therefore, the plaintiffs were diligent in determining the true identity of White and properly substituted her name within a reasonable time. Accordingly, the court finds that Karen White was properly joined in this action and that TranSouth's motion to reconsider is due to be denied.

### B. *Motion to Remand*

■ The court now turns to the merits of the plaintiffs' motion to remand. TranSouth points out correctly that for the purposes of removal, the court should not consider the citizenship of fictitious defendants in assessing complete diversity. *See* 28 U.S.C. § 1441(a). However, when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant. *Tompkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462, 464 (E.D.La.1994) (citing *Green v. Mutual of Omaha*, 550 F.Supp. 815, 818 (N.D.Cal.1982)). Further, a federal court may decline jurisdiction where a person originally named as a fictitious defendant was an actual person known to both plaintiffs and defendants and was known to be a resident of the same state as plaintiffs. *Wright v. Sterling Investors Life Ins. Co.*, 747 F.Supp. 653, 655 (N.D.Ala.1990) (The court exercised its discretion under 28 U.S.C. § 1447(e) to decline to assume diversity jurisdiction on removal.).

■ The court finds that TranSouth knew or should have known of the fictitious defendant's identity, because White was employed by TranSouth and acted as an agent of the lender on the transaction in question. It would be unfair to force the plaintiffs from their state court forum into federal court by

---

**2.** Pursuant to State practice, the plaintiff must proceed in a reasonably diligent manner in determining the true identity of the defendant and must substitute the named defendant for the ficti-

tious party within a reasonable time after learning defendant's true identity. *Kinard v. C.A. Kelly and Co.*, 468 So.2d 133, 135 (Ala.1985).

allowing TranSouth to plead ignorance about the defendant-employee's identity and citizenship when TranSouth was in a position to know that information. Therefore, the court will consider the domicile of White to determine whether diversity jurisdiction exists.

Pursuant to 28 U.S.C. § 1447(e), if the joinder of White destroys diversity jurisdiction, the court may remand the action to the State court. Section 1447(e) states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

■ In determining the existence of diversity, the court must inquire into White's domicile both when the complaint was originally filed and at the time of removal. *Goff v. Michelin Tire Corp.*, 837 F.Supp. 1143, 1144 (M.D.Ala.1993) (citing *Stevens v. Nichols*, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1889), *Garza v. Midland Nat. Ins. Co.*, 256 F.Supp. 12, 13 (S.D.Fla.1966)). The complaint in this action was filed on April 20, 1995. On May 19, 1995, Defendants TranSouth and AFLIC filed a notice of removal based upon diversity of citizenship. For the court to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), White must have been domiciled in a state other than the State of Alabama on both of these dates. *Id.*

■ An important presumption is that of favoring an established domicile as against an allegedly newly acquired one. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1607, 104 L.Ed.2d 29 (1989) (A domicile once established contin-

ues unless and until a new domicile is acquired.). The effect of this presumption is to put a heavier burden on a party who is trying to show a change of domicile than is placed on one who is trying to show the retention of an existing or former one. *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954 (5th Cir.1966).[3] Thus, the place where a person lives is taken to be that person's domicile until the contrary is shown. *See Holyfield*, 490 U.S. at 48, 109 S.Ct. at 1607; *Anderson v. Watt*, 138 U.S. 694, 11 S.Ct. 449, 34 L.Ed. 1078 (1891); *Walls v. Ahmed*, 832 F.Supp. 940 (E.D.Pa.1993).

■ A change in domicile requires the concurrence of (1) physical presence at the new location with (2) an intention to remain there indefinitely. *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.1984) (citations omitted).[4] The court finds that White has submitted evidence that she was domiciled in the State of Alabama when the complaint was filed and on the date of removal. Specifically, the affidavit of White states she was employed in Eufaula, Alabama from November 1990 to June 1994. Thereafter, in June 1994, her husband moved to Eastchester, New York. However, White stayed in Alabama through the 1994–95 school year. *See Holyfield*, 490 U.S. at 48, 109 S.Ct. at 1607.

■ While White does not state the date that the school year ended, the court takes judicial notice that the duration of a school year generally exceeds May 19, 1995 (the date of removal). Further, no evidence has been presented to the court that the school year ended prior to May 19, 1995. Although the defendants contend that White acquired a new domicile in the State of New York, they have not satisfied their burden of proving that White was physically residing

---

3. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

4. The common law rule was that the domicile of a married woman was that of her husband even if the wife was residing in another place. *Anderson v. Watts*, 138 U.S. 694, 706, 11 S.Ct. 449, 452, 34 L.Ed. 1078 (1891). As divorce became more common in our society, an exception to the general rule permitted a wife to establish a separate domicile in anticipation of commencing divorce proceedings against her hus-

band. *Id.* at 706–07, 11 S.Ct. at 452–53. Gradually, courts have extended this exception by holding that a breach in the marriage is not a necessary prerequisite to the acquisition of a separate domicile by a married woman. *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir.), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974) (Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)). Thus, for purposes of federal diversity jurisdiction, a married woman can have a legal domicile separate from that of her husband. *Id.*

anywhere other than the State of Alabama both on April 20, 1995 and May 19, 1995.[5] Therefore, in light of the presumptions favoring the continuance of an established domicile, the court concludes that White was domiciled in the State of Alabama on April 20, 1995 and May 19, 1995.

### CONCLUSION

Given the existence of a properly pleaded against Karen White, the court concludes that complete diversity does not exist between the parties of this action. For the foregoing reasons, it is CONSIDERED and ORDERED that defendant TranSouth Financial Corporation's motion for reconsideration of the court's July 5, 1995, order granting the plaintiffs' motion to amend the complaint be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that the plaintiffs' motion to remand be and the same is hereby GRANTED and that the above-styled cause be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama.

The clerk is DIRECTED to take the appropriate steps to effectuate said remand.

---

**5.** The court stresses that the defendants, as the parties removing an action to federal court, have the burden of establishing federal jurisdiction. *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368 (9th Cir.), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Butler v. Polk*, 592 F.2d 1293 (5th Cir.1979); *Paxton v. Weaver*, 553 F.2d 936 (5th Cir.1977).