Felicia Nicole MARSHALL,
et al., Plaintiffs,

v.

CSX TRANSPORTATION CO.,
INC., et al., Defendants.

Civil Action No. 95–D–1264–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Dec. 12, 1995.

Ernestine S. Sapp, Tuskegee, AL, for plaintiffs.

Morris Wade Richardson, Henry E. Simpson, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is plaintiffs' motion filed October 4, 1995, to remand the above-styled action to the Circuit Court of Chambers County, Alabama. On October 20, 1995, the defendants filed a response to the plaintiffs' motion. On October 24, 1995, the plaintiffs filed a reply brief, which they supplemented on October 31, 1995. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that plaintiffs' motion to remand is due to be granted.

### STATEMENT OF FACTS

Plaintiffs Felicia Marshall and Marian Marshall ("the Marshalls") brought this action in the Circuit Court of Chambers County on September 5, 1995, to recover for injuries Felicia Marshall suffered when a train struck the car she was driving.[1] In the Marshalls' original complaint filed in Chambers County, they named as defendants CSX Transportation Company ("CSX") and the alleged train engineer at the time of the accident, Glen W. Huntley ("Mr. Huntley"). The complaint also named several fictitious defendants. These fictitious defendants in-

1. Though not a party to this action, Larica Jones, the only passenger in the car, has brought a separate lawsuit in the Circuit Court of Chambers County that arises from the same accident.

cluded "Fictitious Defendant 'B,' whether singular or plural" whom the complaint described as "the engineer who was operating the train at the time of the incident described in the complaint, whose true and correct name is unknown to the plaintiff at this time, but which will be substituted by amendment when ascertained." Pl.'s Compl. at ¶¶ 2–3.

CSX was served with a summons and the aforementioned complaint on September 21, 1995; however, Mr. Huntley's summons and complaint did not reach him because they were sent to a Tallassee, Alabama, address rather than to Mr. Huntley's correct address in Georgia. The Marshalls had requested that the summons and complaint be sent to Mr. Huntley in Tallassee because the police report gave a Tallassee address for Mr. Huntley. Exh. "A" to Pl.'s Mot. to Remand.

Shortly after the Marshalls discovered that Mr. Huntley's service had not been perfected, the Marshalls also became aware of the true identity of a second train engineer who had been conducting the train at the time of the accident, Marion Frank Patrick ("Mr. Patrick"). Mr. Patrick is a resident of Tallassee, Alabama. Mr. Patrick's name and address had been previously unknown to the Marshalls because Mr. Huntley was the only conductor listed on the accident report filed by the police officer at the scene. *Id.*

The Marshalls maintain that when they became aware of the mistake, they filed a motion on or about September 26, 1995, with the Circuit Court of Chambers County for leave to amend their complaint to substitute Mr. Patrick for "Fictitious Party 'B'" and to correct Mr. Huntley's address. Aff. of Ernestine Sapp, Esq. On September 27, 1995, plaintiffs' counsel placed a courtesy call to counsel for defendant CSX, notifying him of, among other things, the fact that she had filed motions to add the correct name of the second train engineer from Tallassee, Alabama. Aff. of Ernestine Sapp. Thereafter,

on September 28, 1995, defendants CSX and Mr. Huntley filed a notice of removal with the court asserting that the court has diversity jurisdiction over this action.[2] Although Mr. Huntley had not yet been served, he voluntarily submitted himself to the jurisdiction of the court. According to the case action summary sheet of the Circuit Court of Chambers County, the defendants' notice of removal was docketed on September 28, 1995, just prior to the plaintiffs' motion to amend.

The Marshalls do not dispute that CSX is a citizen of both Virginia and Florida and that Mr. Huntley is a citizen of the state of Georgia. Nevertheless, the Marshalls argue that this action should be remanded for several reasons. The Marshalls first contend that there is no evidence that Mr. Huntley has consented to service. Consequently, they assert that the notice of removal is invalid because all defendants have not legally joined in the removal. In the alternative, the Marshalls ask the court to add Mr. Patrick as a necessary party defendant pursuant to their motion for leave to amend, which they filed on or about September 26, 1995, with the Circuit Court of Chambers County. The Marshalls argue that if their motion to amend is granted, then the court must remand this action because the diversity jurisdiction of the court would cease to exist. The Marshalls also contend that judicial economy would best be served by returning this action to Chambers County where it could be consolidated with the action brought by Larica Jones concerning the same facts and evidence.

## DISCUSSION

 This action was removed by the defendants to this court from the Circuit Court of Chambers County on the basis of diversity jurisdiction.[3] A district court has original

---

**2.** The court notes that upon notification by the plaintiffs that they were planning to amend their complaint to add a non-diverse defendant, it appears that the defendants raced to the county courthouse to file their notice of removal before the plaintiffs' motion to amend was actually filed. The court finds this behavior unbefitting of the law firm which represents the defendants and believes that such conduct, while not unlawful,

reflects poorly upon the defense attorneys in this case.

**3.** Section 1441 states in part that "... any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

jurisdiction over all cases where citizens of different states are involved and the amount in controversy exceeds $50,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978). Because it is undisputed that the amount in controversy exceeds the sum of fifty thousand dollars, exclusive of interest and costs, the court need only address the question of whether complete diversity existed at the time this action was removed. It is clear that the court has diversity jurisdiction in this action if the "Fictitious Defendant 'B' " is not considered because both CSX and Mr. Huntley are not citizens of the state of Alabama; however, if the "Fictitious Defendant 'B' " is considered for diversity purposes, the court does not have diversity jurisdiction. Therefore, the main issue before the court is whether "Fictitious Defendant 'B' " should be considered for diversity purposes.

It is well-established that the court's diversity jurisdiction is determined at the time the notice of removal is filed. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *See also* 14A Wright, Miller and Cooper, Federal Practice and Procedure § 3739 at 581 (1985). Furthermore, under the recently amended removal statute, the citizenship of defendants sued under fictitious names should be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a). However, subsequent to this amendment of the removal statute, courts have found that where a plaintiff's complaint provides a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned, the court should consider the citizenship of the fictitious defendant. *Lacy v. ABC Ins. Co.,* No. CIV.A. 95–3122, 1995 WL 688786 at *3 (E.D.La. Nov. 17, 1995); *Brown v. Tran-South Financial Corp.,* 897 F.Supp. 1398, 1401–02 (M.D.Ala.1995); *Tompkins v. Lowe's*

*Home Ctr., Inc.,* 847 F.Supp. 462, 464 (E.D.La.1994) (citing *Green v. Mutual of Omaha,* 550 F.Supp. 815, 818 (N.D.Cal. 1982)). Moreover, each of these courts has held that if a fictitious defendant is described in the plaintiff's complaint as "an individual who acted as a company's agent," then that employee should be considered as a named defendant for determining diversity jurisdiction. *Id.* Furthermore, the fact that the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court is a factor that weighs in favor of considering a fictitious defendant's citizenship for diversity purposes. *Lacy,* 1995 WL 688786 at *3. In this regard, this court recently found that a court may assume that a corporation knows the identity and address of an employee acting as its agent when a plaintiff's cause of action is based on the acts of that employee. *Tran-South,* 897 F.Supp. at 1401.

The defendants contend that, for diversity purposes, a recent Supreme Court decision bars the court from considering any defendants that are added to a lawsuit subsequent to the time the lawsuit is filed. *Freeport–McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 859–60, 112 L.Ed.2d 951 (1991). Specifically, the defendants rely on the Court's statement that "diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." *Id.* at 428, 111 S.Ct. at 859–60. In *Freeport–McMoRan,* the district court had diversity jurisdiction over the parties to a contract dispute. *Id.* at 427, 111 S.Ct. at 859. After the action was filed in federal court, one of the plaintiff companies transferred its interest in the contract to a limited partnership. *Id.* The residency of the limited partnership for diversity purposes was in the same state as the defendant in the contract dispute. *Id.* The plaintiffs who brought the breach of contract action sought leave to amend their complaint to add the limited partnership as a plaintiff, which

---

place where such action is pending...." 28 U.S.C. § 1441(a). Section 1441(b) further states a case shall be removable based on diversity "... only if none of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

the court granted. *Id.* The court held a bench trial and returned a plaintiffs' verdict. *Id.* Thereafter, the defendant appealed the verdict because it claimed that the addition of a non-diverse plaintiff destroyed the court's diversity jurisdiction. *Id.* The appeal eventually reached the Supreme Court of the United States. In denying the defendant's appeal, the Supreme Court stated that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Id.* at 428, 111 S.Ct. at 860.

The court finds the present case to be distinguishable from *Freeport–McMoRan* because the limited partnership that was added to the lawsuit in *Freeport–McMoRan* was neither an original party to the contract nor a party to the contract at the time of the alleged breach; rather, the limited partnership gained an interest in the lawsuit solely through a business transaction that took place subsequent to the time that the lawsuit was filed. In the present case, the defendants ask the court to find that Mr. Patrick's position is analogous to the position of the limited partnership in *Freeport–McMoRan.* The court finds, however, that Mr. Patrick's position in this case is not the same as that of the limited partnership because Mr. Patrick was directly involved in the action or inaction that gave rise to the plaintiffs' claim against him. If, on the other hand, a third party who was not involved in the accident assumed Mr. Patrick's obligation to pay for any potential liability for his actions subsequent to the accident, then the third party would be in the same position as the limited partnership. In such a situation, the holding in *Freeport–McMoRan* would be applicable if the plaintiff attempted to add the third party as a defendant, and the court would not consider the residency of the third party for diversity purposes. Because such a scenario is not present here, however, the court finds that the holding in *Freeport–McMoRan* is inapposite to this case.

In the present case, although the plaintiffs did not become aware of the name and address of Mr. Patrick until a few days before the defendants filed a notice of removal, the court finds that CSX had or should have had full knowledge of the identity of the engineers who were conducting the train at the time of the accident well before it filed its notice of removal. Furthermore, CSX should also have had full knowledge of, or were in a better position to obtain, the citizenship of the conductors of the train well before it filed its notice of removal. At the very least, the courtesy call that plaintiffs' counsel placed with the defense attorney on September 27, 1995, provided the defendants with notice that one of the engineers of the train resided in Alabama prior to the time that defendants filed their notice of removal. Moreover, the court notes that the plaintiffs were not at fault for the mistake in serving Mr. Huntley at the wrong address or failing to provide the name and address of Mr. Patrick because Mr. Huntley was the only conductor listed on the accident report. Exh. "A" to Pl.'s Mot. To Remand. Thus, the court finds that Mr. Huntley was the only conductor that the Marshalls could be expected to serve at the time they filed their complaint.

Pursuant to 28 U.S.C. § 1447(e), if the joinder of Mr. Patrick destroys diversity jurisdiction, the court may remand the action to state court. The defendants argue that the plaintiffs' motion to amend their complaint to add Mr. Patrick is not properly before this court because it was filed with the Circuit Court of Chambers County subsequent to the time that the defendants filed their notice of removal. However, at least one federal court has declined to exercise jurisdiction where a non-diverse fictitious defendant was an individual who was identifiable to both the plaintiffs and the defendants notwithstanding the fact that the plaintiffs had not filed a motion to amend their complaint to add the non-diverse party to the lawsuit in either the state court or the federal district court. *Wright v. Sterling Investors Life Ins. Co.,* 747 F.Supp. 653, 655 (N.D.Ala.1990). Importantly, the court in *Wright* noted that its decision "was simply a shorthand method of allowing an amendment to add the non-diverse party and then remanding." *Id.*

The court acknowledges that the plaintiffs filed their motion to add Mr. Patrick as a party defendant in the Circuit Court of Chambers County subsequent to the time the defendants filed their notice of removal with the court. Therefore, the motion to amend filed in state court is not properly before the court. Nevertheless, based on the reasoning in *Wright*, the court finds that it has the authority under 28 U.S.C. § 1447(e) to remand this action because doing so would merely constitute a "shorthand method of allowing an amendment to add the non-diverse party and then remanding." *Wright*, 747 F.Supp. at 655.[4]

■ The defendants maintain that even if the court decides that it can consider Mr. Patrick as a defendant for diversity purposes without requiring the plaintiffs to file a motion with this court to add him as a party, the court should not do so. In this regard, they argue that Mr. Patrick is not a necessary party and that his inclusion in the lawsuit would be solely for the purpose of destroying diversity jurisdiction. The defendants further contend that the Marshalls will suffer no prejudice if the court denies the Marshalls the opportunity to add Mr. Patrick because CSX is the sole party which has the probable ability to satisfy any judgment that might be obtained by the Marshalls. Moreover, they argue that the majority of the Marshalls' claims relate to the maintenance of the grade crossing and the placement of traffic control devices rather than to any action or inaction on the part of the locomotive engineer.

In *Lacy v. ABC Ins. Co.*, the defendants made a similar argument to the one made by the defendants in the present case. 1995 WL 688786 at *3. In *Lacy*, the plaintiff slipped and fell in a department store and sued both the department store and its employees who were responsible for maintaining the premises. *Id.* at 1. In her complaint, the plaintiff named the store employees as fictitious defendants, and the defendant department store removed the case to federal court. *Id.* Once the case was removed, the plaintiff filed a motion to add the store employees as necessary parties to her lawsuit. *Id.* This motion, if granted, would destroy diversity jurisdiction because the store employees were non-diverse defendants. *Id.* The defendants argued that the addition of the employees was unnecessary because the plaintiff could recover all of her damages from the department store. *Id.* at 3.

The *Lacy* court found that the plaintiff should be allowed to add the employees as defendants. *Id.* The court reasoned that if it denied the plaintiff's motion, the plaintiff would have to bring another lawsuit in state court against the employees, which would be a waste of judicial time and might lead to inconsistent results. *Id.* The court thus decided that it should not "force [the] plaintiff to pursue only one defendant in [the federal] forum when she ha[d] a potentially viable claim against others, as well." *Id.* (brackets supplied).

The facts presently before the court are similar to those faced by the *Lacy* court because the alleged negligence of the engineers conducting the train on the date of the accident constitutes one of the Marshalls' claims in their complaint. Specifically, the Marshalls allege in Count I of their complaint that the engineer of the train was negligent or wanton in his operation of the train, and that his negligence or wanton misconduct was a contributing cause of the accident. Pl.'s Compl. at ¶ 32. The court recognizes that most of the Marshalls' claims concern the alleged negligent or wanton acts of those other than the train engineers. Nonetheless, the court finds that, based on the foregoing allegation in Count I, the Marshalls have also presented a valid claim against the engineers of the train. The court further finds that the plaintiffs' claim against the train engineers is not solely intended to destroy diversity jurisdiction, despite the defendants' assertions otherwise. Finally, similar to the *Lacy* court, the court finds that it would be unfair to force the

---

4. The court finds that this case provides an even more appropriate situation than the *Wright* case for the court to take such action because the companion case brought by Larica Jones, mentioned *supra*, is currently progressing in the Circuit Court of Chambers County and any further delay in remanding this action could affect the possible consolidation of this action with the action brought by Larica Jones.

Marshalls to pursue their claim against the conductors in another forum. Therefore, the court will consider Mr. Patrick for purposes of determining diversity jurisdiction.

The defendants urge the court to follow *Lederman v. Marriott Corp.,* 834 F.Supp. 112 (S.D.N.Y.1993), a case involving similar facts to the present case and to those in *Lacy.* In *Lederman,* a plaintiff who was raped at a hotel brought a claim in state court against the hotel and several others, naming as a fictitious defendant, among others, the security guard who was on duty the night of the incident. *Id.* at 113. The defendant hotel removed the case to federal court, and the plaintiff sought to add the non-diverse security guard as a defendant. *Id.* The court denied the plaintiff's motion to add the hotel security guard because his addition would have destroyed diversity jurisdiction. *Id.* at 114. The court found that "[w]here an institutional entity is an adequate and proper defendant," an "unnecessary individual defendant[ ]" may be dropped if his or her addition would "cause confusion, delay, expense, and potential unfairness." *Id.* at 115.

While the defendants correctly assert that the *Lederman* case involves an employer-employee relationship similar to that of the present case, the court believes that Mr. Patrick should be considered as a defendant for diversity purposes even if the court were to follow *Lederman.* Unlike *Lederman,* a balancing of the factors upon which the *Lederman* court relied to reach its conclusion weighs in favor of considering the citizenship of Mr. Patrick for diversity purposes. The court first notes that Mr. Huntley, the train engineer on duty with Mr. Patrick at the time of the accident, was named as a defendant when the case commenced, and his status as a defendant in this action is not contested. Because the theories of liability asserted against Mr. Patrick are identical to those claimed against Mr. Huntley, the court finds that the addition of Mr. Patrick would not serve to delay the trial nor confuse the issues in this action. The court further finds that a decision to include Mr. Patrick as a defendant and remand this action would reduce the monetary expenses of the trial to both the parties and the judicial system because this action could be consolidated in state court with the action brought by Larica Jones for injuries she suffered in the same accident. Furthermore, the court finds that any prejudice that the defendants might suffer in state court is outweighed by the unfairness that the Marshalls would suffer if they could not pursue all their viable claims in the same court. Last, remanding this action to state court will reduce the risk of inconsistent verdicts. Thus, even if the court decided to follow the *Lederman* reasoning, the court would find that the Marshalls could add Mr. Patrick as a defendant.

### CONCLUSION

Given the existence of a reasonably identifiable fictitious defendant, Mr. Patrick, who is a resident of the state of Alabama, the court concludes that complete diversity does not exist between the parties to this action. Accordingly, it is CONSIDERED and ORDERED that plaintiffs' motion to remand be and the same is hereby GRANTED and that the above-styled cause be and the same is hereby REMANDED to the Circuit Court of Chambers County, Alabama.

The clerk is DIRECTED to take the appropriate steps to effectuate said remand.