**Carl D. HOWELL, Plaintiff,**

**v.**

**CIRCUIT CITY, et al., Defendant.**

**No. CIV.A. 2:04CV607–A.**

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 12, 2004.

Thomas J. Azar, Jr., Azar & Tasheiko, LLC, Montgomery, AL, for Plaintiff.

Charles Nelson Gill, Richard Hamilton Gill, Copeland Franco Screws & Gill, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION and ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand (Doc. # 5), filed by the Plaintiff on June 29, 2004. The Plaintiff, Carl Howell, originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama on April 27, 2004. The Plaintiff brings state law claims for fraud (Count 1), fraudulent inducement (Count II), promissory fraud (Count III), breach of contract (Count IV), conspiracy to fraud (Count V), and libel (Count VI) against Defendants Circuit City, First North American National Bank, and unknown fictitious parties: "A", "B", and "C".

Defendants filed a Notice of Removal (Doc. # 1) on June 21, 2004. The Plaintiff subsequently filed a Motion to Remand the case to state court (Doc. # 5) on June 29, 2004. On July 21, 2004, Defendants filed an Opposition to Plaintiff's Motion to Remand (Doc. # 8).

For reasons to be discussed, the Motion to Remand is due to be Denied.

### II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Federal court jurisdiction is limited, therefore the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Because this case was originally filed in state court and removed to federal court, the Defendants bear the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001).

## III. FACTS

The facts, as they pertain to the Motion to Remand and are alleged in the Complaint, are as follows:

Plaintiff Carl Howell, a citizen of Alabama, alleges that on or about January 15, 2004, he purchased from Circuit City a television and received a free DVD player. Through Circuit City's advertised promotional sales program and verbal assurances by an unnamed Circuit City sales representative, Howell was informed that there would be no payments and no interest due for twelve months. An unnamed sales representative then started a credit account for Howell to finance the purchase without Howell's knowledge or authorization. Less than one month later, Defendants billed Plaintiff through First North American National Bank ("FNANB"), a Georgia citizen and wholly owned subsidiary of Circuit City, for payments and interest and have refused to rectify the billing error as per the alleged initial agreement.

Furthermore, Plaintiff claims that Defendants have harassed him through collection activities and double billed him by charging the price of the purchase to a second credit account, Monogram Credit Card. Defendants then reported the unfavorable credit information to credit reporting companies such as Equifax and also demanded the return of the free promotional DVD player, alleging the return will correct the account status.

Plaintiff filed a complaint in the Circuit Court of Montgomery, Alabama on April 27, 2004. Defendants Circuit City and FNANB filed a notice of removal on June 21, 2004. On June 29, 2004, Plaintiff filed a motion to remand the case to state court based on a lack of subject matter jurisdiction. Defendants oppose the motion arguing that diversity jurisdiction is present.

## IV. DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* Section 1332 has been interpreted to require complete diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806).

Defendants concede that the Complaint states no federal law claims. Defendants argue that complete diversity is present. Specifically, Defendants argue that Circuit City's principal place of business is Virginia, not Alabama. Additionally, Defendants argue that for purposes of determining complete diversity, the court should not consider the citizenship of unnamed fictitious Defendants "A", "B", and "C". The requisite jurisdictional amount is claimed in the Complaint.

### A. Principal Place of Business

■ Corporations have dual citizenship for the purposes of diversity jurisdiction. *See Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir.1985). Dual citizenship is comprised of a corporation's place of incorporation and its principal place of business. 28 U.S.C. § 1332.

■ To determine a defendant's principal place of business a court must examine all of a defendant's activities and pinpoint its "nerve center" or its primary "place of activities." *See Vareka Inv. v. American Inv. Prop., Inc.*, 724 F.2d 907, 910 (11th Cir.1984). Some relevant factors include: (1) the nature of the firm's activity, that is, whether it is "active or passive" and "labor-intensive or management-demanding";

(2) the number of locations where the firm operates; (3) the significance of the activity as it relates to the firm's purpose and the firm as a whole; (4) the amount of contact the firm has with the community; (5) the location of the firm's nerve center; and (6) the firm's structural rigidity and hierarchy. This is a pragmatic, functional inquiry. *See Mercury Fin. Corp. v. Aetna Cas. & Sur. Co.*, 900 F.Supp. 390, 393–94 (M.D.Ala.1995).

■ The parties do not dispute that Circuit City is incorporated in the Commonwealth of Virginia. In Defendants' Notice of Removal (Doc. #1), Circuit City averred that its principal place of business was also Virginia. While not directly challenging the averment,[1] Plaintiff essentially argues that because Circuit City has "managers and agents" who "reside in cities throughout the State of Alabama," the foreign corporation should be deemed an Alabama citizen (Motion to Remand at 3). Plaintiff's supposition, however, would create citizenship for Circuit City in every state where Circuit City maintained a store. Plaintiff's reasoning is antithetical to the language and purpose of § 1332. In considering Circuit City's "nerve center," this court determines that Circuit City's principal place of business is in Virginia.[2] As a result, Circuit City, as a Virginia citizen, is diverse from Howell, an Alabama citizen.

## B. Fictitious Defendants

■ The Plaintiff asks the court to consider that employees of the Defendants will be identified as Alabama citizens through discovery and substituted for fictitious Defendants.

■ It is well established that the court's diversity jurisdiction is established at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Furthermore, under the amended removal statute, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(a).[3] This court considers the clear language of the statute to be dispositive of the issue. If, after removal, a plaintiff wishes to add a defendant whose joinder would destroy diversity jurisdiction, he may move to do so pursuant to 28 U.S.C. § 1447(e).

Notwithstanding the apparent clarity of § 1441(a), the Plaintiff has pointed to a few district court cases as authority for the proposition that, since the Defendants do not deny that their employees at the Montgomery store are residents of Alabama, the citizenship of such employees, as fictitious Defendants, should be considered. *See Marshall v. CSX Transp. Co.*, 916 F.Supp. 1150 (M.D.Ala.1995) (De Ment, J.); *Brown v. TranSouth Fin. Corp.*, 897 F.Supp. 1398 (M.D.Ala.1995) (De Ment, J.);

1. In fact, Plaintiff's Complaint, ¶ 2, admits Circuit City is a foreign corporation.

2. *See also Derrickson v. Circuit City Stores, Inc.*, 84 F.Supp.2d 679, 690 (D.Md.2000) (holding Virginia as Circuit City's principal place of business); *Circuit City Stores v. Adams*, No. C98–0365 CAL, 1998 WL 1797183, at *1 (N.D.Cal. May 4, 1998) (holding Virginia as Circuit City's principal place of business); *Sawisch v. Circuit City Stores, Inc.*, No. 97–C4094, 1997 WL 790732, at *1

(N.D.Ill.Dec.19, 1997) (holding Virginia as Circuit City's principal place of business).

3. The statute states in pertinent part: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity.

*Tompkins v. Lowe's Home Center, Inc.,* 847 F.Supp. 462, 464 (E.D.La.1994); *Green v. Mutual of Omaha,* 550 F.Supp. 815, 818 (N.D.Cal.1982); *Wright v. Sterling Investors Life Ins. Co.,* 747 F.Supp. 653, 655 (N.D.Ala.1990). These cases do not support the Plaintiff's argument. They either involve cases in which the Plaintiff was seeking to add a resident defendant by amendment (*Marshall, Brown, Wright*), or predate the 1988 amendment (*Green*), or incorrectly rely on pre–1988 law (*Tompkins*).

The court will deal with the question of whether the Plaintiff should be allowed to amend the Complaint to add a resident defendant if and when he moves to do so. For now, diversity of citizenship exists, the Complaint claims in excess of $7,000, and the court has jurisdiction under 28 U.S.C. § 1332(a).

## IV. CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Remand (Doc. # 5) is due to be and is hereby Ordered DENIED.